**SCHWARZ PROPERTIES, LLC v. TOWN OF FRANKLINVILLE**

[204 N.C. App. 344 (2010)]

In sum, despite Plaintiff's argument to the contrary, because governmental immunity provided Defendant with a complete defense to Plaintiff's claims, his motion for summary judgment should have been granted. Accordingly, we reverse and remand for the entry of summary judgment in Defendant's favor.

Reversed and Remanded.

Judges CALABRIA and STEELMAN concur.

———

SCHWARZ PROPERTIES, LLC, Plaintiff v. TOWN OF FRANKLINVILLE, Defendant

No. COA09-1446

(Filed 1 June 2010)

**1. Injunctions— dissolution of temporary restraining order—recovering costs of defense as damages**

The trial court did not err in a declaratory judgment action seeking to void various zoning ordinances by awarding costs of defense to defendant upon dismissal of a temporary restraining order (TRO) obtained without malice or want of probable cause. There are no cases holding that damages under N.C.G.S. § 1A-1, Rule 65(e) cannot include the costs of defending against a TRO.

**2. Statutes of Limitation and Repose— zoning ordinance or amendment—two months**

The trial court did not err in a declaratory judgment action seeking to void various zoning ordinances by applying a two-month statute of limitations. N.C.G.S. § 160A-364.1 provides that a cause of action as to the validity of a zoning ordinance or amendment must be brought within two months of its adoption, and plaintiff's complaint was filed more than a year after the statute of limitations had run.

**3. Immunity— sovereign immunity—failure to allege waiver—dismissal of claim**

The trial court did not err in a declaratory judgment action seeking to void various zoning ordinances by dismissing under N.C.G.S. § 1A-1 Rule 12(b)(6) plaintiff's claim requiring sewer line

capping and claim for garbage removal services based on failure to allege a waiver of sovereign immunity. Plaintiff failed to argue an abuse of discretion by the trial court and thus failed to meet his burden on appeal.

Appeal by plaintiff from orders entered 24 July and 28 July 2009 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 15 April 2010.

*Benjamin Spence Albright for plaintiff-appellant.*

*Little & Little, P.L.L.C., by Cathryn M. Little, for defendant-appellee.*

BRYANT, Judge.

On 13 April 2009, plaintiff Schwarz Properties, LLC, sought a declaration that various zoning ordinances enacted by defendant Town of Franklinville were void, damages to recover expenditures and for loss of income, and a temporary restraining order ("TRO"). On 28 April 2009, the trial court issued a TRO enjoining defendant from rejecting applications to place mobile homes on properties on the basis of the contested ordinances. In May 2009, defendant filed motions to dismiss under Rules 12(b)(1) and 12(b)(6), to dissolve the TRO under Rule 65(b), and for damages upon dissolution under Rule 65(e). Defendant also filed a supplement to these motions, seeking damages for the costs incurred in defending plaintiff's action in the amount of its liability insurance deductible. On 27 May 2009, following a hearing, the trial court dissolved the TRO, denied plaintiff's request for a preliminary injunction, allowed defendant to revoke two permits issued during the time when the TRO was in effect, and deferred defendant's motion on damages. On 10 June 2009, defendant moved for Rule 11 sanctions. Following another hearing, on 24 July 2009, the trial court entered an order dismissing all of plaintiff's claims under Rule 12(b)(6) and reserving the remaining issues. On 28 July 2009, the trial court entered an order finding defendant had failed to pursue Rule 11 sanctions and plaintiff had sought the TRO without malice. However, the trial court awarded damages to defendant in the amount of $2500, its liability insurance deductible. Plaintiff appeals. As discussed below, we affirm.

*Facts*

Plaintiff rents mobile homes and mobile home spaces on a 138 acre parcel of land located within defendant's boundaries. At the

heart of this case are a series of ordinances enacted by defendant: an 8 January 2008 ordinance which prohibits issuance of permits to install mobile homes that are more than ten years old; a 10 February 2009 ordinance requiring property owners to extend and cap sewer lines upon removal of a structure from municipal sewer connections; and a 9 December 2009 ordinance requiring property owners to pay for replacement of municipally-provided trash carts and cans which are lost, stolen or damaged. Plaintiff asserted these ordinances were void for various reasons, including being unconstitutional, arbitrary and capricious, and in excess of defendant's legislatively-granted authority.

---

Plaintiff makes three arguments in its brief to this Court: the trial court erred in (I) awarding costs of defense in a civil action upon dismissal of a TRO which was not obtained with malice or want of probable cause; (II) applying a two-month statute of limitations to an *ultra vires* zoning ordinance; and (III) dismissing plaintiff's claims under Rule 12(b)(6). We affirm.

*I*

**[1]** Plaintiff first argues the trial court erred in awarding costs of defense in a civil action upon dismissal of a TRO which was not obtained with malice or want of probable cause. We disagree.

Rule of Civil Procedure 65 provides:

(e) Damages on dissolution.—An order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction and the sureties on his undertaking without a showing of malice or want of probable cause in procuring the injunction. The damages may be determined by the judge, or he may direct that they be determined by a referee or jury.

N.C. Gen. Stat. § 1A-1, Rule 65 (2009). Our Supreme Court has re-emphasized the options available upon dissolution of a TRO which has been improvidently granted:

the remedies available to the party who has been wrongfully restrained are as follows: (1) He may recover damages from the party who procured the restraining order and the sureties on his injunction bond without proof of malice or want of probable cause. In this connection, see G.S. 1A-1, Rule 65(e). (2) He may

institute an action for malicious prosecution against the party who procured the restraining order and recover damages without regard to the limit of the bond upon establishing the elements necessary to constitute an action for malicious prosecution.

*Int'l Bhd. of Elec. Workers Local 755 v. Country Club E., Inc.*, 283 N.C. 1, 9, 194 S.E.2d 848, 853 (1973). Plaintiff asserts that the damages contemplated in Rule 65(e) are special damages "beyond those normally incident to a civil proceeding" and, thus, do not include legal costs. He cites *Int'l Bhd. of Elec. Workers Local 755* for the proposition that "[b]efore any cause of action will exist in connection with malicious, unjustified civil proceedings, they must have resulted in *special damages* beyond those normally incident to a civil proceeding." *Id.* at 10, 194 S.E.2d at 853-54 (emphasis in original) (citation and quotation marks omitted). However, this language plainly deals with damages awarded in malicious prosecution actions and is therefore inapposite here, where the damages were awarded under Rule 65(e) "without a showing of malice or want of probable cause in procuring the injunction." Plaintiff cites no case, and we have found none, where our State's courts have held that damages under Rule 65(e) cannot include the costs of defending against a TRO. This argument is overruled.

## II

**[2]** Plaintiff next argues the trial court erred in applying a two-month statute of limitations to an *ultra vires* zoning ordinance. We disagree.

"Zoning claims raise important public policy considerations. There is a strong need for finality with respect to zoning matters so that landowners may use their property without fear of a challenge years after zoning has apparently been determined." *Pinehurst Area Realty, Inc. v. Village of Pinehurst*, 100 N.C. App. 77, 80-81, 394 S.E.2d 251, 253 (1990), *review denied and appeal dismissed*, 328 N.C. 92, 402 S.E.2d 417, *cert. denied*, 501 U.S. 1251, 115 L. Ed. 2d 1055 (1991). For this reason, a cause of action as to the validity of a zoning ordinance or amendment must be brought within two months of its adoption. N.C. Gen. Stat. § 160A-364.1 (2009) (applicable to cities and towns)[1]; *see also* N.C. Gen. Stat. § 153A-348 (2009) (applicable to

---

1. "A cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Article or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within two months as provided in G.S. 1-54.1." N.C.G.S. § 160A-364.1.

counties)[2]. "[O]ur courts have strictly applied Statutes of Limitation in zoning cases." *Potter v. City of Hamlet*, 141 N.C. App. 714, 719, 541 S.E.2d 233, 236 (applying statute of limitations where a municipality failed to timely record a map or written description of an extraterritorial jurisdiction with the register of deeds), *cert. denied*, 353 N.C. 379, 547 S.E.2d 814 (2001); *see also Thompson v. Town of Warsaw*, 120 N.C. App. 471, 473, 462 S.E.2d 691, 692 (1995) ("even where an amendment is adopted inconsistent with the notice requirements of Chapter 160A, an action which attacks the validity of the amendment commenced [outside the statute of limitations] is barred"); *Pinehurst Area Realty, Inc.*, 100 N.C. App. at 81, 394 S.E.2d at 253-54 (applying statute of limitations to challenges based on alleged state and federal constitutional violations). Further, this Court has applied the statute of limitations to a challenge to a mobile home zoning ordinance as *ultra vires*, similar to that at issue here. *White v. Union County*, 93 N.C. App. 148, 152, 377 S.E.2d 93, 95 (1989). In *White,* this Court held that "plaintiffs have stated a direct attack on the ordinance *so long as they can show that the attack is timely* under N.C.G.S. § 153A-348 [the statute stating the statute of limitations applicable to county zoning ordinances and amendments]." *Id.* (emphasis added). The Court went on to note:

> For purposes of N.C.G.S. § 153A-348, the timing of plaintiff's complaint should be considered as it would have been on 4 January 1988, the date it was originally brought in superior court. Though not fatal to this appeal, plaintiffs neglected to state the date of adoption of the ordinance and include a copy of the ordinance in the record. Such proof will be necessary on remand.

*Id.* Plaintiff characterizes this language as *dicta*, but we read it as integral to the disposition of *White* and therefore controlling on the same issue here. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

In the instant case, plaintiff's complaint alleges the ordinance was enacted 8 January 2008. Pursuant to N.C.G.S. § 160A-364.1, the statute of limitations barred challenges to the ordinance as of 8

---

2. "A cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Part or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within two months as provided in G.S. 1-54.1." N.C.G.S. § 153A-348.

March 2008. Plaintiff's complaint was not filed until 13 April 2009, more than a year after the statute of limitations had run. The trial court correctly dismissed plaintiff's challenge to the ordinance as time-barred and plaintiff's argument on this point is overruled.

*III*

[3] Plaintiff also argues the trial court erred in dismissing plaintiff's second and fourth claims under Rule 12(b)(6) for failing to allege a waiver of sovereign immunity. We disagree.

The trial court's 24 July 2009 order dismissed plaintiff's (1) second cause of action (for damages related to defendant's ordinance requiring sewer line capping) and fourth cause of action (for damages caused by failure to provide garbage removal services) for a failure to allege a waiver of sovereign immunity, citing *Reid v. Town of Madison*, 137 N.C. App. 168, 170, 527 S.E.2d 87, 89 (2000). In *Reid*, this Court held that

> [u]nder the doctrine of governmental immunity, a municipality is immune from suit for torts committed by officers or employees while performing a governmental function. We note that garbage collection is a governmental function. However, a city can waive its immunity by purchasing liability insurance. The city waives immunity only to the extent the insurance contract indemnifies it from liability for the alleged acts. If a plaintiff does not allege a waiver of immunity by the purchase of insurance, the plaintiff has failed to state a claim against the governmental unit.

*Id.* (citations omitted). Further, a town's passage of an ordinance requiring connection to a sewer system is a governmental function and, in such cases, "the Town is immune from tort liability." *Blevins v. Denny*, 114 N.C. App. 766, 770, 443 S.E.2d 354, 356 (1994). Because plaintiff failed to allege a waiver of sovereign immunity, the trial court properly dismissed its second and fourth claims.

Plaintiff counters that these claims were not made in tort, but were rather for declaratory judgment (cause of action 2) and under theories of quantum meruit and unjust enrichment (cause of action 4). The second cause of action does include a request for a declaration that the ordinance requiring capping of sewer lines was void. However, "section 1-257 of the [North Carolina Uniform Declaratory Judgment Act] explicitly gives courts discretion to decline requests for declaratory relief." *Augur v. Augur*, 356 N.C. 582, 586, 573 S.E.2d 125, 129 (2002) (citing N.C. Gen. Stat. §§ 1-253 through 1-255).

Because North Carolina trial courts are expressly accorded discretion under the very·statute creating the declaratory judgment remedy, N.C.G.S. § 1-257, and because trial courts are best positioned to assess the facts bearing on the usefulness of declaratory relief in a particular case, the trial court's decision to decline a party's request for declaratory relief is reviewed under the abuse of discretion standard.

*Id.* at 587, 573 S.E.2d at 129-30 (citations omitted). Plaintiff does not argue an abuse of discretion by the trial court in this matter and thus fails to meet his burden on appeal.

As to plaintiff's unjust enrichment claim in cause of action 4, as the trial court noted in its order, despite the language used in the complaint, plaintiff was essentially seeking damages for defendant's breach of its duty to collect garbage, a governmental function. This was also the circumstance in *Blevins*, where the plaintiffs sought damages on the theory of unjust enrichment after a town enacted "an ordinance requiring every person owning improved property within the corporate limits to connect to the Town's water and sewer system." 114 N.C. App. at 768, 443 S.E.2d at 355. In that case, we reversed and remanded for judgment to be entered in favor of the defendant Town based on governmental immunity. *Id.* at 771, 443 S.E.2d at 356. Plaintiff's similar arguments here are without merit.

Affirmed.

Judges ELMORE and ERVIN concur.