HAZEL C. WILKES, COY C. PRIVETTE, GEORGE F. WOODRUFF, JR. AND MELVIN G. SLOAN, JR. v. THE NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL, AN AGENCY OF THE STATE OF NORTH CAROLINA; MARVIN SPEIGHT, CHAIRMAN, ZEBULON ALLEY AND CLARK BROWN, MEMBERS; THE NORTH CAROLINA STATE BOARD OF ELECTIONS, AN AGENCY OF THE STATE OF NORTH CAROLINA; R. KENNETH BABB, CHAIRMAN, MRS. CHARLES L. HERRING, JOHN L. STICKLEY, SR. AND DR. SYDNEY BARNWELL, OFFICERS AND MEMBERS; RUFUS EDMISTEN, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA; AND THAD EURE, SECRETARY OF STATE OF THE STATE OF NORTH CAROLINA

No. 7910SC460

(Filed 8 January 1980)

Constitutional Law § 4— statute authorizing mixed drink referendum — plaintiffs not injured — no standing to challenge constitutionality of statute

Plaintiffs had no standing to bring an action challenging the constitutionality of Chapter 1138 of the 1977 Session Laws (incorporated into G.S. Chapter 18A) providing for city and county referendums on mixed drinks, since plaintiffs failed to allege a direct injury to any of them resulting from such supposed unconstitutionality.

APPEAL by plaintiffs from *Bailey, Judge.* Order entered 22 March 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 7 December 1979.

On 15 June 1978 the General Assembly of North Carolina ratified Senate Bill 735, Chapter 1138 of the 1977 Session Laws (Second Session 1978), entitled "AN ACT TO ALLOW CITIES AND COUNTIES WITH ABC STORES TO VOTE ON THE SALE OF MIXED BEVERAGES IN SOCIAL ESTABLISHMENTS AND RESTAURANTS SEATING AT LEAST 36." This act is now incorporated into Chapter 18A of the General Statutes. Plaintiffs, citizens and taxpayers, seek a declaratory judgment that the act is unconstitutional.

Defendants moved for dismissal under G.S. 1A-1, Rule 12(b)(6), and their motion was granted. Plaintiffs appeal.

*David H. Wagner and James C. Fuller, Jr. for plaintiff appellants.*

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

ARNOLD, Judge.

The trial court's order of dismissal purported to find that Chapter 1138 is constitutional. Plaintiffs are correct in their contention that such a ruling on the merits cannot be made on a motion to dismiss. The trial court also found, however, that plaintiffs are without standing to bring this action, and in this we find the trial court is correct.

"Only one who is in immediate danger of sustaining a *direct injury* from legislative action may assail the validity of such action. It is not sufficient that he has merely a general interest common to all members of the public." *Charles Stores Co., Inc. v. Tucker,* 263 N.C. 710, 717, 140 S.E. 2d 370, 375 (1965), quoted in *Nicholson v. Education Assistance Authority,* 275 N.C. 439, 447, 168 S.E. 2d 401, 406 (1969) (emphasis added). An example of such a direct injury was given in *Wynn v. Trustees,* 255 N.C. 594, 601, 122 S.E. 2d 404, 409 (1961). There the plaintiffs, as citizens and taxpayers, attacked the constitutionality of a bond issue and special increase in county taxes which would be used to construct new campuses for two segregated colleges. The court found that the plaintiffs had no standing, and continued, "It is noted that plaintiffs do not allege that any qualified prospective student has been or will be excluded from attending either . . . College solely on the basis of race. Suffice it to say if and when the constitutional rights of any person . . . are denied, a remedy is available *to such person* for the vindication and enforcement of such rights." (Emphasis added.)

The plaintiffs in the present case allege that Chapter 1138 is unconstitutional upon a number of grounds, but they fail to allege a direct injury to any of them resulting from such supposed unconstitutionality. For example, they allege that the act "creates unreasonable, arbitrary and discriminatory classifications of social

establishments and restaurants," apparently a reference to the fact that the act allows the privilege of deciding to sell mixed beverages only to social establishments and restaurants seating at least 36. However, the plaintiffs do not allege that any of them is the owner of a restaurant or social establishment seating less than 36, or is otherwise in such a position as to be directly injured by this portion of the act. Similarly, the plaintiffs allege that Chapter 1138 "denies the right to vote and equal protection of the laws to the aged, infirmed [sic] and severely handicapped citizens of the state," apparently referring to the fact that G.S. 18A-51, which is incorporated into the act by reference, at the time this suit was filed provided that no absentee ballots be used in the elections held under the act. (Absentee ballots are now permitted. Chapter 140, 1979 Session Laws.) No plaintiff has alleged, however, that he has in fact been denied the right to vote in elections held under the act.

Plaintiffs argue in their brief that plaintiff Melvin Sloan, alleged in the complaint to be 20 years old, is directly injured by the act because, while he is an adult for all other purposes, Chapter 1138 denies him the privilege of buying mixed beverages until he reaches age 21. Whatever may be the merits of this claim of unconstitutionality, we find no allegation of it in the complaint. Motions to dismiss for failure to state a claim for relief are determined on the basis of the pleadings. G.S. 1A-1, Rule 12(b). The mere incorporation by reference of Chapter 1138 into plaintiffs' complaint is not an allegation that plaintiff Sloan is injured by Sec. 2 of the act, which makes unlawful the sale of mixed beverages to those under 21.

Neither does plaintiffs' further allegation that as taxpayers they will be injured by the use of public funds for holding the elections provided for by the act give them standing. *See Hill v. Comrs. of Greene*, 209 N.C. 4, 182 S.E. 709 (1935). Since the trial court correctly found that plaintiffs have no standing to bring this action, the dismissal by the trial court is

Affirmed.

Judges CLARK and ERWIN concur.