BEECH MOUNTAIN VACATIONS, INC., Plaintiff v. NEW YORK FINANCIAL, INC., BEECH MOUNTAIN DEVELOPMENT CONSTRUCTION CORPORATION, Defendants v. GARY P. EIDELSTEIN, BEECH MOUNTAIN VACATIONS, INC., Third-Party Defendants

No. COA03-1444

(Filed 21 December 2004)

**Real Property— action to quiet title—statute of limitations— equitable estoppel—summary judgment**

Summary judgment should not have been granted for plaintiff and for the third-party defendant in an action to quiet title. There were divergent claims about material facts, including the date the last partial payment was made on a note to defendant and the date the last promises of payment were made. Furthermore, defendant has invoked equitable estoppel, which raises a jury question.

Appeal by Defendant from judgment entered 21 August 2003 by Judge Dennis J. Winner in Superior Court, Watauga County. Heard in the Court of Appeals 30 August 2004.

*Di Santi Watson Capua & Wilson, by Anthony S. di Santi, for plaintiff-appellee.*

*Chad F. Brown, for defendant-appellant.*

WYNN, Judge.

Defendant New York Financial, Inc. ("NY Financial") appeals from an order of the trial court granting summary judgment for Plaintiff Beech Mountain Vacations, Inc. ("Beech Mountain") and Third Party Defendant Gary P. Eidelstein ("Eidelstein") in Beech Mountain's action to quiet title to certain properties. NY Financial argues the trial court erred in concluding (1) that no material dispute of fact existed, and (2) that judgment as a matter of law was therefore warranted. For the reasons set forth herein, we reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings not inconsistent with this Court's opinion.

The procedural and factual history of the instant appeal is as follows: Beech Mountain is the record owner of timeshare properties known as the Cherokee Condominiums located in Watauga County, North Carolina. NY Financial assisted in the development of the Cherokee Condominiums through monetary investment; in exchange, Beech Mountain conveyed to NY Financial numerous deeds of trust and promissory notes on the Cherokee Condominiums. These deeds of trust and promissory notes were granted in 1981 and 1982.

NY Financial contends that, from 1985 through May 1999, Eidelstein, Beech Mountain's president, told Aaron Goldman ("Goldman"), agent and authorized representative of NY Financial, with whom Eidelstein maintained a business relationship preceding NY Financial's 1981 investment in the Cherokee Condominiums, that Beech Mountain had cash flow problems. NY Financial further contends Eidelstein proposed that NY Financial advance monies to cover Cherokee Condominium maintenance expenses such as taxes and utilities to enable Beech Mountain to repay its deeds of trust and promissory notes to NY Financial. Eidelstein promised fully to repay the maintenance and debt monies, plus any interest accumulated thereon, and requested that NY Financial therefore refrain from filing a lawsuit to recover the funds. NY Financial states that "[i]mplicit in

these promises that he would pay . . . was the promise that [Eidelstein] would not invoke the statute of limitations against these debts." Further, NY Financial alleges that Beech Mountain's May 1999 payment of $2,250 constituted "consideration for agreement by NY Financial, Inc. to not immediately pursue the debts in court[.]"

Beech Mountain contends that the May 1999 payment of $2,250 to NY Financial was unrelated to the subject of this action. Beech Mountain asserts that any promises regarding payment of the promissory notes and deeds of trust "were made in '87, '88, the last one was made in April of 1992" and that "there comes a point in time that equitable estoppel has got to stop."

On 20 August 2001, Beech Mountain filed an action to quiet title on Cherokee Condominium properties subject to promissory notes and deeds of trust held by NY Financial. Beech Mountain requested the removal of adverse claims held by NY Financial and title in fee simple to the Cherokee Condominium properties. In its answer, NY Financial alleged that its right to proceed with an action for foreclosure on the properties was not barred by the statute of limitations due to, *inter alia*, Beech Mountain's and Eidelstein's promises of repayment and partial payment. NY Financial further moved to add Eidelstein as a third-party defendant to the action; that motion was granted on 26 July 2002. On or around 21 August 2002, NY Financial filed an amended counterclaim/counter-complaint. On or around 26 June 2003, Beech Mountain and Eidelstein filed a motion for summary judgment pursuant to N.C. Gen. Stat. § 1-A1, Rule 56. The trial court granted the motion for summary judgment and NY Financial appeals.

———

The dispositive issues on appeal are whether the trial court erred in concluding (1) that no material dispute of fact existed (Assignment of Error No. 1) and (2) that judgment as a matter of law through summary judgment was therefore warranted (Assignments of Error Nos. 1 and 2). For the reasons set forth below, we find that material disputes of fact exist and that the trial court erred in granting summary judgment.

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact," *i.e.*, "whether the moving party is entitled to a judgment as a matter of law." *Pompano Masonry Corp. v. HDR Architecture, Inc.*, 165 N.C. App. 401, 405, 598 S.E.2d 608, 611 (2004) (quoting *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998)). Summary

judgment is appropriate only when, viewed in the light most favorable to the non-movant, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003); *Pompano Masonry Corp.*, 165 N.C. App. at 405, 598 S.E.2d at 611. The party moving for summary judgment must establish that no triable issue of material fact exists " 'by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.' " *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (quoting *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

In this case, Beech Mountain and Eidelstein have asserted that any action on the promissory notes and deeds of trust to the Cherokee Condominiums are time barred. Beech Mountain and Eidelstein contend payments on the Cherokee Condominiums had not been made in the past ten to thirteen years, that the 1999 payment made to NY Financial was unrelated to this action, and that Eidelstein's last promises of repayment occurred in 1992—nine years prior to Beech Mountain's filing the action to quiet title.

NY Financial, on the other hand, has asserted, first, that Beech Mountain made payment toward its debt to NY Financial as recently as 1999, and, second, that, in response to NY Financial's continuing attempts to obtain payment, Beech Mountain and Eidelstein made repeated promises, including as recently as 1999, to repay the debt as soon as possible. NY Financial alleges that the partial payments and repeated promises of later repayment were made, *inter alia,* explicitly in order to forestall NY Financial's "going to court to enforce payment of the debts[.]" NY Financial claims that Beech Mountain and Eidelstein are therefore equitably estopped from relying on statute of limitations defenses.

The doctrine of equitable estoppel prevents a party from benefitting where that party "intentionally or through culpable negligence, induces another to believe that certain facts exist and that other person rightfully relies on those facts to his detriment." *Miller v. Talton*, 112 N.C. App. 484, 488, 435 S.E.2d 793, 797 (1993); *Thompson v. Soles*, 299 N.C. 484, 487, 263 S.E.2d 599, 602 (1980) (same). Courts have applied equitable estoppel in the creditor/debtor context. For example, in *Duke Univ. v. Stainback*, 320 N.C. 337, 341, 357 S.E.2d 690,

692-93 (1987), the Supreme Court held that the plaintiff had been induced by the defendant's conduct to reasonably believe it would be paid for medical services once the defendant's lawsuit against his insurance carrier was concluded, thereby foregoing pursuit of its legal remedy. The Supreme Court stated that "[i]f the debtor makes representations which mislead the creditor, who acts upon them in good faith, to the extent that he fails to commence his action in time, estoppel may arise." *Id.* Moreover, it is "the established rule of law that estoppel, or the existence thereof, is a question of fact for determination by the jury." *Troy's Stereo Ctr., Inc. v. Hodson,* 39 N.C. App. 591, 597, 251 S.E.2d 673, 677 (1979) (citation omitted).

In this case, Beech Mountain and NY Financial have made divergent claims as to material facts, including the date the last partial payment was made to NY Financial and the date the last promises of repayment were made to NY Financial. Further, NY Financial has invoked the doctrine of equitable estoppel, the application of which raises a jury question. Therefore, viewing the case in the light most favorable to the non-moving party, NY Financial, the trial court erred in determining that no material dispute of fact existed and in granting as a matter of law summary judgment for Beech Mountain and Eidelstein.

For the foregoing reasons, we reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings not inconsistent with this Court's opinion.

Reversed.

Chief Judge MARTIN and Judge HUDSON concur.