JEFFREY BROOKS TEMPLETON AND ELIZABETH A. COLONNA BIRD; TRUSTEE OF THE ELIZABETH A. COLONNA BIRD REVOCABLE TRUST, DATED AUGUST 31, 2000, PLAINTIFFS v. TOWN OF BOONE, DEFENDANT

No. COA09-1332

(Filed 16 November 2010)

## 1. Zoning— standing to challenge ordinance amendment— motion to dismiss granted

A *de novo* review revealed that the trial court did not err in a zoning ordinance amendment case by granting defendant's motion to dismiss plaintiffs' complaint for lack of standing. Plaintiff Templeton did not have standing to bring a constitutional or statutory claim against defendant, and plaintiff Bird failed to allege facts sufficient to have standing to bring constitutional claims or a statutory claim against defendant to challenge the Steep Slope Ordinance. However, plaintiff Bird did have standing to bring a statutory challenge against the Viewshed Protection Ordinance.

## 2. Statutes of Limitation and Repose— zoning ordinance amendment—failure to give proper notice

The trial court did not err in a zoning ordinance amendment case by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) based on expiration of the two-month statute of limitations under N.C.G.S. § 160A-364.1. Even if defendant failed to properly notify plaintiff under Chapter 160A, plaintiffs' complaint was filed more than two years following defendant's adoption of the ordinances.

TEMPLETON v. TOWN OF BOONE

[208 N.C. App. 50 (2010)]

Judge JACKSON concurring in part and dissenting in part.

Appeal by plaintiffs from order entered 10 June 2009 by Judge Joseph N. Crosswhite in Superior Court, Watauga County. Heard in the Court of Appeals 25 February 2010.

*Clement Law Office by Charles E. Clement, for plaintiffs-appellants.*

*Cranfill Sumner & Hartzog LLP by Susan K. Burkhart, for defendant-appellee.*

STROUD, Judge.

Jeffrey Brooks Templeton and Elizabeth A. Colonna Bird, trustee of the Elizabeth A. Colonna Bird Revocable Trust, (referred to collectively as "plaintiffs") appeal from a trial court's order in favor of the Town of Boone ("defendant") dismissing their complaint with prejudice "for failure to state a claim upon which relief can be granted[.]" For the following reasons, we affirm the trial court's dismissal of plaintiffs' claims.

## I. Background

Plaintiffs' complaint alleged the following: On 21 April 2005, the Boone Town Council adopted a resolution to form a task force to "Study Issues Relating to Development of Steep Slopes and Multi-Family Housing" in order "to work with town staff to develop a recommended strategy relating to the future development of steep slopes and large multi-family housing projects." The task force prepared a recommended "zoning map and text amendments" to the town's Unified Development Ordinance. These recommendations resulted in a proposal for the Steep Slope Ordinance and the Viewshed Protection Ordinance amendments ("the subject zoning ordinance amendments"), which the Boone Town Council adopted on 2 October 2006.

Plaintiffs allege they are owners of real property "located in, and subject to, the zoning and extraterritorial zoning jurisdiction of the Town of Boone[,]" and are "directly and adversely affected" "by the zoning ordinances adopted by the Town of Boone." Plaintiff Bird was notified by letter from the Town of Boone that property owned by the Elizabeth A. Colonna Bird Revocable Trust was located within that area that would be affected by the proposed ordinance amendments. However, upon inspection of the Viewshed Protection Map, she deter-

mined that the trust property was not within the Viewshed area. Plaintiffs allege that without notice to plaintiff Bird or a change in the Viewshed Protection Map, the town improperly subjected the trust property to the Viewshed Protection Ordinance.

On 31 November 2006, plaintiff Templeton commenced this action against defendant by filing an "Application and Order extending time to file Complaint." On 21 December 2006, plaintiff Templeton and nine other plaintiffs, not including plaintiff Bird, filed a complaint in Superior Court, Watauga County against defendant alleging that the adoption of the subject ordinance amendments was a violation of plaintiffs' Constitutional substantive due process rights; a violation of plaintiffs' civil rights pursuant to 42 U.S.C. § 1983; an unlawful rezoning and limitation of the use of property; an inverse condemnation/unlawful taking; arbitrary and capricious; and an unlawful preemption of state building code. Plaintiffs sought a declaratory judgment and injunctive relief. This complaint was removed to the United States District Court for the Western District of North Carolina by defendants. Plaintiffs then amended their complaint and it was remanded to Superior Court, Watauga County; defendant filed a motion to dismiss; and on 8 October 2007, plaintiff Templeton and the other nine plaintiffs filed a "Notice of Voluntary Dismissal" without prejudice.

On 7 October 2008, plaintiffs Templeton and Bird filed the complaint which is the subject of this appeal in Superior Court, Watauga County. In plaintiffs' first two claims they request a declaratory judgment that the subject zoning ordinance amendments be declared "facially defective, vague and unenforceable[;]" because (1) the ordinances give "[u]nbridled, unqualified authority and discretion" to the Town's staff "in excess of the Town's legislative authority[;]" (2) the ordinances amount to a violation of plaintiffs' procedural due process rights as (a) the ordinances fail to give notice as to which properties are affected by them, and (b) the procedures used by defendant to enact the ordinances failed to give proper notice to plaintiffs in violation of town ordinances and state law; (3) the ordinances amount to a violation of plaintiffs' substantive due process rights as (a) they are vague and unenforceable, (b) arbitrary and capricious, (c) unreasonable, (d) overreaching, and (e) were enacted in bad faith; (4) the Viewshed Protection Ordinance amounts to an unconstitutional taking; and (5) the Steep Slope Ordinance unlawfully preempts state building codes. In plaintiffs' additional claims they allege that defendant's "unlawful adoption" of the subject zoning ordinance amendments "changed the zoning and use of Plaintiffs' land, and the lands

of all persons who own property in the Town of Boone or its ETJ area[,]" and the subject zoning ordinance amendments are a violation of plaintiffs' rights under Article I, § 19 of the North Carolina Constitution as they amount to a "deprivation of their rights and privileges as property owners[.]" On 18 May 2009, defendant filed a motion to dismiss plaintiffs' suit pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), Rule 12(b)(1), and Rule 12(c). On 10 June 2009, the trial court granted defendant's motion to dismiss "for failure to state a claim upon which relief can be granted[.]" Plaintiffs appealed.

On appeal plaintiffs bring forth substantive arguments as to the statute of limitations, substantive due process, procedural due process, statutory claims, and arguments addressing standing. As "[s]tanding is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction[,]" *Perdue v. Fuqua*, 195 N.C. App. 583, 585, 673 S.E.2d 145, 147 (2009), we first review plaintiffs' standing to bring this suit.

## II. Standing

### A. Standard of Review

[1] This Court has held that "[a] ruling on a motion to dismiss for want of standing is reviewed de novo." *Metcalf v. Black Dog Realty, LLC*, —— N.C. App. ——, ——, 684 S.E.2d 709, 714 (2009) (citation omitted). "In our de novo review of a motion to dismiss for lack of standing, we view the allegations as true and the supporting record in the light most favorable to the non-moving party." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 644, 669 S.E.2d 279, 283 (2008). The party invoking jurisdiction has the burden of establishing standing. *Neuse River Found. v. Smithfield Foods*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (citation omitted), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003). The elements of standing are:

(1) 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant;

(3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Marriott v. Chatham County*, 187 N.C. App. 491, 494, 654 S.E.2d 13, 16 (2007) (citation and quotation marks omitted). "If a party does not

have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Id.* at 496, 654 S.E.2d at 17 (citation and quotation marks omitted). "If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction." *State v. Linemann,* 135 N.C. App. 734, 739, 522 S.E.2d 781, 785 (1999) (citation omitted).

Plaintiffs first contend that "the trial court erred in granting defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Rules of Civil Procedure on the grounds that plaintiffs pled sufficient facts demonstrating that they have standing and the trial court has subject-matter jurisdiction." However, it appears that the trial court based its order dismissing plaintiffs' claims on N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2005) ("Failure to state a claim upon which relief can be granted"), not N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) ("Lack of jurisdiction over the subject matter"). This Court has held that even if dismissal was for the wrong reason,

> a trial court's 'ruling must be upheld if it is correct upon any theory of law[,]' and thus it should 'not be set aside merely because the court gives a wrong or insufficient reason for [it].' *Manpower, Inc. v. Hedgecock,* 42 N.C. App. 515, 519, 257 S.E.2d 109, 113 (1979). *See also Sanitary District v. Lenoir,* 249 N.C. 96, 99, 105 S.E.2d 411, 413 (1958) (if correct result reached, judgment should not be disturbed even though court may not have assigned the correct reasons for the judgment entered); *Payne v. Buffalo Reinsurance Co.,* 69 N.C. App. 551, 555, 317 S.E.2d 408, 411 (1984) (it is common learning that a correct judgment must be upheld even if entered for the wrong reason).

*Opsahl v. Pinehurst Inc.,* 81 N.C. App. 56, 63, 344 S.E.2d 68, 73, *cert. granted,* 318 N.C. 284, 347 S.E.2d 465 (1986), *disc. review improvidently allowed,* 319 N.C. 222, 353 S.E.2d 400 (1987). Therefore, we must determine whether the trial court's dismissal of plaintiffs' claims was "correct upon any theory of law[.]" *See id.* First, we address whether the trial court could have dismissed plaintiffs' complaint for lack of standing. Plaintiffs brought constitutional claims and statutory challenges to the subject zoning ordinance amendments. We will first address the issue of standing as to plaintiffs' constitutional claims.

B. Standing for Plaintiffs' Constitutional Challenges

Plaintiffs argue that they have standing to bring constitutional challenges to the subject zoning ordinance amendments as they have

sufficiently alleged an "imminent danger" from the application of those ordinances to their property interests. Defendant, citing *Grace Baptist Church v. Oxford*, 320 N.C. 439, 358 S.E.2d 372 (1987), contends that to challenge the constitutionality of a zoning ordinance, the plaintiff must allege evidence that he has sustained an injury or is in immediate danger of sustaining an injury as a result of enforcement of the subject ordinances. Defendant concludes that there is no allegation by plaintiffs of an immediate danger of sustaining an injury because "there is no factual allegation in the Complaint . . . indicating that the Town enforced or attempted to enforce the Ordinances against [plaintiff] Templeton."

In *Grace*, the plaintiff brought an action against the defendant-city alleging "that portions of the Oxford ordinance of 1970" that regulated the size of signs and required paved off-street parking "were unlawful in that they deprived appellant of due process of law and denied it equal protection of the law." *Id.* at 441-42, 358 S.E.2d at 374. On the defendant-city's motion to dismiss, the trial court declared that the ordinance requiring paved off-street parking was constitutional on its face and as applied. *Id.* at 442, 358 S.E.2d at 374. The plaintiff appealed, but "the Court of Appeals did not address the question of whether the challenged ordinance had been selectively enforced, inasmuch as it found that no enforcement action had been brought against appellant." *Id.* On appeal from this Court, to our Supreme Court, the plaintiff argued that the city ordinance was facially unconstitutional and "violated the equal protection clause of the fourteenth amendment because it was selectively enforced against the church." *Id.* at 443-44, 358 S.E.2d at 375. The Court held that the challenged ordinance was facially constitutional and found that the Court of Appeals erred in declining to address the question of whether the ordinance, as applied, was selectively enforced against the appellant. *Id.* at 443-44, 358 S.E.2d at 375. The Court held that "[i]n order to challenge the constitutionality of an ordinance, a litigant must produce evidence that he has sustained an injury or is in immediate danger of sustaining an injury as a result of enforcement of the challenged ordinance." *Id.* at 444, 358 S.E.2d at 375. (citing *Town of Atlantic Beach v. Young*, 307 N.C. 422, 298 S.E.2d 686, *appeal dismissed*, 462 U.S. 1101, 77 L. Ed. 2d 1328 (1983)). The Court, in applying this rule, held that the plaintiff's complaint, alleging that the defendant-city intended to require it to pave its parking lot, in itself did not confer standing. *Id.* However, the Court held that when combined with the defendant-city's answer, which asked the court to

order the church to immediately cease use of its property until "they are in compliance with the said Ordinance[,]" and the trial court's finding that the defendant-city, "at the commencement of this action and presently," intends to enforce the provision requiring paved parking lots, "the church was in immediate danger of sustaining injury" and thus "had standing to challenge the constitutionality of the ordinance." *Id.*

Here, plaintiffs brought several constitutional claims alleging that the subject zoning ordinance amendments amounted to violations of plaintiffs rights under procedural due process, substantive due process, an unconstitutional taking of property, and a violation of their rights "to use their land" pursuant to Article 1, Section 19 of the North Carolina Constitution." However, there is no allegation in plaintiffs' complaint indicating that defendant enforced or attempted to enforce the subject zoning ordinance amendments against either plaintiff Templeton or plaintiff Bird. Plaintiffs' complaint simply states that plaintiffs own or have an interest in property within an area of town that will be *affected* by the subject zoning ordinance amendments. Without an allegation that the subject zoning ordinance amendments will be or have been enforced against property owned by plaintiffs, plaintiffs have failed to demonstrate that they have "sustained an injury or [are] in immediate danger of sustaining an injury" from enforcement of the ordinance amendments against them. *See id.* at 444, 358 S.E.2d at 375. Therefore, plaintiffs failed to carry their burden to make sufficient allegations to establish standing to bring their constitutional claims against defendant. *Neuse River Found.*, 155 N.C. App. at 113, 574 S.E.2d at 51. Accordingly, we affirm the trial court's dismissal of plaintiffs' constitutional claims. *Linemann*, 135 N.C. App. at 739, 522 S.E.2d at 785.

C. Standing for Statutory Challenges

Plaintiffs, citing *Thrash Ltd. Partnership v. County of Buncombe*, 195 N.C. App. 678, 673 S.E.2d 706 (2009) (*"Thrash I"*), argue that they have standing to bring statutory challenges alleging that defendant failed to follow proper procedures as to how it enacted the subject zoning ordinance amendments. Defendant counters that plaintiff Templeton does not have standing to bring his statutory claims because he failed to allege sufficient facts to show that he owns property in an area affected by the subject zoning ordinance amendments.

We note that in *Thrash I* the disputed ordinance was a county-wide zoning ordinance and the location of the plaintiffs' property was not at issue as every property in the County was affected by the ordi-

nance. 195 N.C. App. at 680, 673 S.E.2d at 708. Here, unlike *Thrash I*, the subject zoning ordinance amendments are not county-wide amendments, but ordinance amendments that are applicable only to properties located within 100 feet from major traffic corridors within the county or that have a slope value of 30% or greater. In *Thrash Ltd. Partnership v. County of Buncombe*, 195 N.C. App. 727, 673 S.E.2d 689 (2009) ("*Thrash II*"), a related case involving the same parties as *Thrash I*, this Court addressed the issue of standing in the context of statutory procedural challenges to the defendant-county's property elevation restriction ordinance which was only applicable to those properties located more than 2500 feet above sea level.

In *Thrash II*, the plaintiff filed a declaratory judgment action alleging that the defendant-county did not follow the proper "prerequisite statutory requirements" when it adopted the "Multi-Family Dwelling Ordinance" which set "rules for properties located above 2500 feet above sea level," and "for properties located 3000 feet above sea level." *Id.* at 729, 673 S.E.2d at 691. The ordinance did not apply to properties located below 2500 feet above sea level. *Id.* On a summary judgment motion, the defendant-county argued that the plaintiffs did not have standing to challenge the ordinance. *Id.* The trial court held that the plaintiffs had standing but granted summary judgment in favor of the defendant-county. *Id.* Defendant-county cross-appealed the trial court's ruling on standing. *Id.* This Court held that

landowners in the area of a county affected by a zoning ordinance are allowed to challenge the ordinance on the basis of procedural defects in the enactment of such ordinances. *See Frizzelle v. Harnett County*, 106 N.C. App. 234, 416 S.E.2d 421 (1992) (plaintiffs, as landowners in the area of the county affected by the zoning ordinance, were allowed to challenge the ordinance on the basis of inadequate notice); *Lee v. Simpson*, 44 N.C. App. 611, 261 S.E.2d 295 (1980) (plaintiffs, who were owners of property adjacent to property that was rezoned, succeeded in overturning the rezoning ordinance for lack of proper notice); *George v. Town of Edenton*, 294 N.C. 679, 680, 242 S.E.2d 877, 878 (1978) ("Plaintiffs, as residents of Chowan County within the jurisdiction of the zoning powers of defendants, challenge in their complaint the legality of both actions of the Town Council and ask the court to determine their validity."); *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42 (1972) ("The plaintiffs, owners of property in the adjoining area affected by the ordinance, are parties in interest entitled to maintain the action.").

*Id.* at 730, 673 S.E.2d at 691-92. As the location of the plaintiffs' property was relevant, the Court held that

'[a] party has standing to challenge a zoning ordinance in an action for declaratory judgment only when it 'has a specific personal and legal interest in the subject matter affected by the zoning ordinance and . . . is directly and adversely affected thereby." *Village Creek Prop. Owners Ass'n v. Town of Edenton*, 135 N.C. App. 482, 485, 520 S.E.2d 793, 795 (1999) (quotation omitted).

*Id.* at 731, 673 S.E.2d at 692. In applying this rule to determine if the plaintiffs had standing to bring their statutory challenges, the Court then analyzed whether plaintiffs were in an area "directly and adversely affected" by the "Multi-Family Dwelling Ordinance[:]"

The Multi-Family Dwelling Ordinance contains regulations of land which are contingent upon the elevation and use of the land. Plaintiff's land is located at an elevation above 2500 feet above sea level, and is suitable for multi-family dwelling use. Therefore, plaintiff's use of its land was limited by the zoning regulations.

We hold that plaintiff has standing to challenge the validity of the Multi-Family Dwelling Ordinance.

*Id.*

Here, plaintiffs make several statutory challenges to the procedures defendant used to enact the subject zoning ordinances. As to the Viewshed Protection Ordinance ("VPO"), plaintiffs in their first claim made the following allegations challenging defendant's procedure in enacting this amendment to the town's Unified Development Ordinance ("UDO"):

i. Adoption of the VPO amounted to substantial amendments to the UDO. The notices that preceded the September 25, 2006 public hearing, which formed the basis for the said amendments were fatally defective.

ii. The changes to the text of the VPO made after the September 14, 2006 public hearing were substantial enough to require new notice in accordance with the provisions of N.C.G.S. § 160A-364 and Town of Boone Ordinance § 21-380[c].

iii. In violation of the provisions of Town of Boone Ordinance § 21-380[d], the changes made to the August 24, 2006 Viewshed Protection Map after the September 14, 2006 public hearing were not made available until the time of [the] public hearing on

September 25, 2006. The new map included properties not depicted on the August 24 map.

iv. In violation of Boone Ordinance § 21-379, the Town failed to provide to the public the analysis of the ordinances to determine compliance with the Comprehensive Plan . . . .

As to the Steep Slope Protection Ordinance ("SSPO"), plaintiffs made the following allegations challenging defendant's procedure in enacting this zoning ordinance amendment:

i. Adoption of the SSPO amounted to substantial amendments to the UDO. The notices that preceded the September 25, 2006 public hearing, which formed the basis for the said amendments were fatally defective.

ii. In violation of N.C.G.S. § 160A-364 and Town of Boone Ordinance § 21-380[c], the changes made to the texts of the SSPO after the public hearing were substantial enough to require new notice;

iii. The changes made in the Steep Slope text after the September 14, 2006 public hearing were not made available until the time of public hearing dated September 25, 2006;

iv. The Defendant failed to provide to the public the analysis of the ordinances to determine compliance with the Comprehensive Plan as required by Town of Boone Ordinance § 21-379.[1]

Here, contrary to the facts in *Thrash II*, we cannot determine from plaintiffs' complaint whether the Viewshed Protection Ordinance "directly and adversely affect[s]", the property owned by plaintiff Templeton. *See id.* The Viewshed Protection Ordinance is applicable only to properties located "more than 100 feet above the nearest major traffic corridor" and which can be seen from a major traffic corridor "during any season of the year . . . ." Even though plaintiffs' complaint alleges that plaintiff Templeton is the owner of real property "affected by the zoning ordinances adopted by the Town of Boone which are subject of this action and he is directly and adversely affected thereby[,]" the complaint makes no specific allegation that plaintiff Templeton's property is located within 100 feet of

---

1. We note that the procedural challenges in plaintiffs' claims one and two are also alleged violations of procedural due process. However, as we held that plaintiff did not properly allege facts sufficient to establish standing for their constitutional challenges to the subject zoning ordinance amendments, our focus is limited to reviewing only the statutory challenges in these claims.

a major traffic corridor or that any portion of his property could be seen from a major traffic corridor. Therefore, unlike *Thrash II*, plaintiffs' complaint does not make factual allegations which would support a finding that plaintiff Templeton's property is "directly and adversely affected[,]" *see id*, by the Viewshed Protection Ordinance. Accordingly, we hold that plaintiff Templeton has not made sufficient allegations to carry his burden of establishing standing to bring his statutory claims against the Viewshed Protection Ordinance adopted by defendant, *Neuse River Found.*, 155 N.C. App. at 113, 574 S.E.2d at 51, and those claims were properly dismissed by the trial court. *Linemann*, 135 N.C. App. at 739, 522 S.E.2d at 785.

As to plaintiff Bird, plaintiffs' complaint does allege that the Viewshed Protection Ordinance affects the trust property, as it alleges that "the Town subjected the trust property to the onerous regulations of the Viewshed Ordinance Map." Taking this allegation as true, *Mangum*, 362 N.C. at 644, 669 S.E.2d at 283, the trust property must be located within 100 feet of a major traffic corridor or a portion of the trust property can be seen from a major traffic corridor. Therefore, we hold that this allegation is sufficient to establish that the trust property is "directly and adversely affected" by the Viewshed Protection Ordinance, *see Thrash II*, 195 N.C. App. at 731, 673 S.E.2d at 692, and to give plaintiff Bird standing to bring her statutory claims against the Viewshed Protection Ordinance adopted by defendant.

The Steep Slope Ordinance is only applicable to properties with a slope value of 30% or greater. Plaintiffs' complaint makes no allegation that the slope value of the property owned by plaintiff Templeton or plaintiff Bird is 30% or greater and subject to this ordinance. Accordingly, plaintiffs failed to carry their burden to establish standing to bring a statutory claim against the Steep Slope Ordinance adopted by defendant, *Neuse River Found.*, 155 N.C. App. at 113, 574 S.E.2d at 51, and those claims were properly dismissed by the trial court. *Linemann*, 135 N.C. App. at 739, 522 S.E.2d at 785.

In addition to the above statutory procedural challenges, plaintiffs also alleged that the subject zoning ordinance amendments unlawfully preempt "regulation reserved by our legislature to the North Carolina State Building Code Council, in violation of NCGS §143-138(e)[,]" and established standards for the exercise of authority and discretion in excess of defendant's "legislative authority[.]" As there is an allegation that the trust property was "subjected to" the Viewshed Protection Ordinance, plaintiffs' complaint makes suffi-

cient allegations for plaintiff Bird to have standing to bring further statutory challenges to the Viewshed Protection Ordinance. *See Thrash II*, 195 N.C. App. at 731, 673 S.E.2d at 692. As stated above, plaintiffs' complaint does not give either plaintiff standing to make any further statutory challenges against the subject zoning ordinance amendments, and those claims were also properly dismissed by the trial court. *Linemann*, 785.

Plaintiffs in their complaint allege that defendant's "unlawful adoption" of the subject zoning ordinance amendments "changed the zoning and use of Plaintiffs' land, and the lands of all persons who own property in the Town of Boone or its ETJ area." This claim does not allege a particular statutory or constitutional reason that the defendant's adoption of the subject zoning ordinance amendments was "unlawful[.]" Adoption of zoning ordinances in accordance with the governing statutes is clearly not "unlawful[;]" N.C. Gen. Stat. § 160A-381 (2005)[2] permits a municipality to pass a zoning ordinance that changes the use of a landowner's property and N.C. Gen. Stat. § 160A-385 (2005)[3] allows a municipality to supplement or change those zoning ordinances. Therefore, plaintiffs' claim could be interpreted as alleging that the amendments were "unlawful[ly]" adopted in that defendant failed to follow proper statutory procedures, as already discussed above. Plaintiffs' claim could also be interpreted as alleging an unlawful limitation to the use of plaintiffs' property, which could be a constitutional claim. It is thus unclear whether this claim is a statutory or constitutional claim, as the subject zoning ordinance amendments could be "unlawful" because their adoption violated the statutory scheme governing zoning changes in Chapter 160A of our General Statutes, *see* N.C. Gen. Stat. §§ 160A-381 to 160A-392 (2005), or amounted to a violation of plaintiffs' rights under the North Carolina Constitution or the United States Constitution. In any event, plaintiffs failed to bring sufficient allegations to establish standing to bring their constitutional claims against defendant, and any constitutional allegations in plaintiffs' claim were properly dismissed. As to

---

2. N.C. Gen. Stat. § 160A-381(a) states that "[f]or the purpose of promoting health, safety, morals, or the general welfare of the community, any city may adopt zoning and development regulation ordinances. These ordinances may be adopted as part of the unified development ordinance or as a separate ordinance. A zoning ordinance may regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land. . . ."

3. N.C. Gen. Stat. § 160A-385(a)(1) states that "[z]oning ordinances may from time to time be amended, supplemented, changed, modified or repealed. . . ."

any statutory claims that the subject zoning ordinance amendments or their adoption was "unlawful" in this claim, only plaintiff Bird would have standing to bring statutory claims against the Viewshed Protection Ordinance. Any other statutory claims in plaintiff's complaint were properly dismissed by the trial court. *Linemann*, 135 N.C. App. at 739, 522 S.E.2d at 785. Therefore, we conclude that plaintiff Templeton does not have standing to bring a constitutional or statutory claim against defendant; plaintiff Bird failed to allege facts sufficient to have standing to bring constitutional claims or a statutory claim against defendant to challenge the Steep Slope Ordinance. However, plaintiff Bird does have standing to bring a statutory challenge against the Viewshed Protection Ordinance including the enactment procedures defendant used, whether this zoning amendment is preempted by state law, whether it grants authority and discretion in excess of defendant's statutory authority, or if its amounts to "unlawful" zoning.

### III. Statute of Limitations

**[2]** Plaintiffs contend next that "the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(6)" as plaintiff Bird's claims are not barred by the applicable statute of limitations. Defendant counters that "[u]nder the clear language of the statute of limitations and case law, Bird's claims are barred by the two-month statute of limitations."

N.C. Gen. Stat. § 160A-364.1 (2005) states that "[a] cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Article or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought *within two months* as provided in G.S. 1-54.1." (emphasis added). Here, plaintiffs alleged that defendant adopted the subject zoning ordinance amendments on 2 October 2006. Plaintiffs' complaint, which included plaintiff Bird as a party, was filed on 7 October 2008, more than two years following defendant's adoption of these ordinances. Therefore, plaintiff Bird's statutory claims are barred by the applicable statute of limitations.

Plaintiffs cite *Thrash Ltd. Partnership v. County of Buncombe*, 195 N.C. App. 678, 673 S.E.2d 706 (2009) ("*Thrash I*"), *Beach Mt. Vacations, Inc. v. Fin., Inc.*, 167 N.C. App. 639, 605 S.E.2d 714 (2004), *Miller v. Talton*, 112 N.C. App. 484, 435 S.E.2d 793 (1993), *Frizzelle v. Harnett County*, 106 N.C. App. 234, 416 S.E.2d 421 (1992), *Sofran Corp. v. Greensboro*, 327 N.C. 125, 393 S.E.2d 767 (1990), *George v. Edenton*, 31 N.C. App. 648, 230 S.E.2d 695 (1976), *reversed in part by,*

294 N.C. 679, 242 S.E.2d 877 (1978), *Walker v. Elkin*, 254 N.C. 85, 118 S.E.2d 1 (1961) in support of their argument that the statute of limitations should not bar plaintiff Bird's claims because the Viewshed Map plaintiff Bird saw at the public hearing on 25 September 2006 showed that the trust property was not located in an area affected by the ordinance, but defendant subjected it to the ordinance later without notifying her and that is why she delayed in filing her action. Defendant, citing *Thompson v. Town of Warsaw*, 120 N.C. App. 471, 462 S.E.2d 691 (1995), argues that "it is well established that the statute of limitations bars all claims challenging the validity of an ordinance, even if the notice of hearing for such a zoning ordinance was invalid." (Emphasis omitted).

In *Thompson*, the plaintiffs argued that the statute of limitations for filing a complaint against a zoning ordinance was not applicable because the challenged zoning ordinance was amended by the defendant-town without complying with the statutory notice provisions. *Id.* at 473-74, 462 S.E.2d at 692. This Court noted that it had "previously held that even where an amendment is adopted inconsistent with the notice requirements of Chapter 160A, an action which attacks the validity of the amendment [but is] commenced more than [the statutory period] from the adoption of the amendment is barred." *Id.* at 473, 462 S.E.2d at 692 (citing *Pinehurst Area Realty, Inc. v. Village of Pinehurst*, 100 N.C. App. 77, 80, 394 S.E.2d 251, 253 (1990) (rejecting the plaintiff's argument that its challenge to a zoning ordinance was not barred by the statute of limitations because the defendant failed to properly notify plaintiff of impending zoning action in violation of N.C. Gen. Stat. § 160A-34), *disc. rev. denied*, 328 N.C. 92, 402 S.E.2d 417, *cert. denied*, 501 U.S. 1251, 115 L. Ed. 2d 1055 (1991)). Accordingly, we hold that even if defendant failed to properly notify plaintiffs pursuant to Chapter 160A, plaintiff Bird's claims are still barred by the applicable statute of limitations. *Thrash I* and the other cases cited by plaintiffs are not applicable as they do not address the effect of the statute of limitations on a zoning ordinance challenge. Plaintiff Bird's claims are barred by the applicable statute of limitations and were properly dismissed by the trial court.

IV. Conclusion

As plaintiffs' claims were properly dismissed by the trial court, we affirm the trial court's order.

AFFIRMED.

Judge ELMORE concurs.

Judge JACKSON concurs in part and dissents in part in a separate opinion.

JACKSON, Judge, concurring in part, dissenting in part.

Although I agree with the majority's ultimate holding—that the claims of neither plaintiff survive the municipality's motions to dismiss—I write separately to highlight a significant problem I see with its analysis as to the issue of standing. Specifically, I am concerned with the majority's assertion that plaintiffs do not have standing to pursue their constitutional claims because their complaint did not allege "that the subject zoning ordinance amendments will be or have been enforced against property owned by plaintiffs[.]" I think that a requirement that the ordinance be enforced before a property owner may challenge it could allow a municipality to evade statutorily-mandated procedural safeguards by waiting to enforce an ordinance until two months after its adoption, thereby immunizing itself pursuant to the statute of limitations.

Our case law with respect to North Carolina General Statutes, section 160A-364.1 is fairly clear. When a plaintiff challenges the validity of a zoning ordinance, which a municipality enacted pursuant to its legislative function,[4] he has two months within which to initiate an action for declaratory judgment. In *Pinehurst Area Realty, Inc. v. Village of Pinehurst*, we noted that our courts have construed this statute strictly. 100 N.C. App. 77, 80, 394 S.E.2d 251, 253 (1990), *disc. rev. denied*, 328 N.C. 92, 402 S.E.2d 417, *cert. denied*, 501 U.S. 1251, 115 L. Ed. 2d 1055 (1991). In that case, we also rejected the plaintiff's argument that section 160A-364.1 did not provide the relevant statute of limitations for constitutional claims:

> Plaintiff characterizes this action as "a cause of action for deprivation of constitutional rights" and states that the United States

---

4. The statute of limitations set forth in North Carolina General Statutes, section 160A-364.1 applies to a challenge to an ordinance's validity, which goes to a municipality's legislative authority to adopt, amend, and repeal zoning ordinances. *See* David W. Owens, Land Use Law in North Carolina 270–72 (2006); *see also Taylor v. City of Raleigh*, 290 N.C. 608, 618, 227 S.E.2d 576, 582 (1976) ("The General Assembly has delegated to 'the legislative body' of cities and incorporated towns the power to adopt zoning regulations and from time to time, to amend or repeal such regulations.") (citations omitted). In contrast, when a municipality makes a quasi-judicial decision, such as denying a variance from a zoning ordinance, the applicable statute of limitations is thirty days from the date of the decision. *See* Owens, *supra*, at 271–72; *see also* N.C. Gen. Stat. § 160A-388(e2) (2009).

Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 85 L. Ed. 2d 254 (1985), has directed that such actions "be subject to the relevant state's personal injury statute of limitations" which in North Carolina is three years. The *Wilson* court was addressing federal civil rights actions under 42 U.S.C.S. § 1983 when it chose to apply the personal injury statute of limitations. We do not find *Wilson* controlling.

*Id.* After recounting the "important public policy considerations" such as "a strong need for finality with respect to zoning matters[,]" we explained that

North Carolina courts have not held that violations of federal constitutional claims in zoning actions extend the usual [two-month[5]] statute of limitations. In *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 344 S.E.2d 357, *disc. rev. denied*, 318 N.C. 417, 349 S.E.2d 600 (1986), this Court held that plaintiff's claims for federal due process violations were barred by the nine-month statute of limitations. It is noteworthy that *Sherrill* was decided after *Wilson, supra.*

*Id.* at 80-81, 394 S.E.2d at 253. The *Pinehurst* Court then held that the "plaintiff's challenge to the 1985 zoning law based on alleged state and federal constitutional violations is barred by the [two]-month statute of limitations." *Id.* at 81, 394 S.E.2d at 253-54.

In *Capital Outdoor Advertising v. City of Raleigh*, our Supreme Court noted that this Court and the Fourth Circuit had dealt differently with which statute of limitations applied to facial constitutional challenges to zoning ordinances. 337 N.C. 150, 162, 446 S.E.2d 289, 297 (1994). Although that case did not require our Supreme Court to decide between the three-year time limit upheld by the Fourth Circuit and the nine-month—now two-month—limitation supported by the *Pinehurst* Court, it nonetheless suggested its agreement with the shorter time frame. *Id.* ("While our [two-month] statute of limitations contained in N.C.G.S. § 1-54.1 and N.C.G.S. § 160A-314.1 appears to treat the issue far more specifically than N.C.G.S. § 1-52(5) and while our North Carolina Court of Appeals decisions appear the better reasoned decisions on the issue, we need not resolve the matter in this case . . . ."). Accordingly, our case law appears to be well-settled that a plaintiff must raise facial

---

5. North Carolina General Statutes, section 160A-364.1 originally provided a nine-month statute of limitations for challenges to zoning ordinances. However, effective 1 October 1996, the General Assembly amended the statute to two months, the time limit applicable to the case *sub judice*. 1995 N.C. Sess. Laws 746 §§ 7, 8.

constitutional challenges to an ordinance within the two-month statute of limitations or else such claim is barred.

Our case law also is well-established as to standing. Our Supreme Court has held that one's status as a taxpayer or as a citizen of a certain municipality does not confer standing to challenge a zoning ordinance. *See Fox v. Board of Comm'rs,* 244 N.C. 497, 500, 94 S.E.2d 482, 485 (1956) ("[I]t was not alleged or shown that any plaintiff owns realty constituting farm land either subject to or exempt from the provisions of the ordinance. Indeed, it is not alleged or shown that any plaintiff owns any property of any kind presently restricted by the ordinance. Plaintiffs cannot present an abstract question and obtain an adjudication in the nature of an advisory opinion."). Rather, "[a] party has standing to challenge a zoning ordinance in an action for declaratory judgment only when it 'has a specific personal and legal interest in the subject matter affected by the zoning ordinance and . . . is directly and adversely affected thereby.' " *Village Creek Prop. Owners' Ass'n v. Town of Edenton,* 135 N.C. App. 482, 485, 520 S.E.2d 793, 795 (1999) (quoting *Taylor v. City of Raleigh,* 290 N.C. 608, 620, 227 S.E.2d 576, 583 (1976)).

In *Grace Baptist Church v. City of Oxford,* cited by the majority, our Supreme Court held that a plaintiff's failure to allege specific facts within its complaint to establish standing was rectified by the municipality's request for an injunction in its responsive pleading. 320 N.C. 439, 444, 358 S.E.2d 372, 375 (1987). Based upon that threatened enforcement, the plaintiff was "in immediate danger of sustaining an injury as a result of enforcement[.]" *Id.* The majority in the case *sub judice* takes that application of facts a step further by requiring enforcement, or threatened enforcement, in order for a plaintiff to assert a constitutional challenge to a zoning ordinance. Notably, however, the *Grace Baptist* Court analyzed the plaintiff's standing in that case *only* with respect to its as-applied constitutional claim. *Id.* When analyzing whether an ordinance had been selectively enforced against the plaintiff as compared with others in the municipality, a threshold question of enforcement clearly is necessary. I emphasize, though, that immediately prior to that determination, the *Grace Baptist* Court had reviewed the merits of the plaintiff's facial challenge to the ordinance without addressing issues of standing. *Id.* at 442-43, 358 S.E.2d at 374-75. Accordingly, I do not think that *Grace Baptist* supports the majority's assertion that plaintiffs do not have standing to pursue their constitutional claims because their com-

plaint did not allege "that the subject zoning ordinance amendments will be or have been enforced against property owned by plaintiffs[.]"

I think that the majority errs by considering the standing requirements for facial constitutional challenges in the same light as those required for as-applied constitutional claims. Requiring enforcement or threat of enforcement in order to mount an as-applied challenge to an ordinance or to challenge the quasi-judicial decision of a zoning board with respect to a requested variance ensures that only those citizens truly affected by a municipality's actions have standing to bring their claims. In contrast, a facial challenge to an ordinance's validity or, as the majority discusses, challenges to the procedures ensured by statute or local ordinance should not depend upon threatened enforcement. Facial challenges, therefore, are more similar to what the majority labels "statutory challenges" than to as-applied constitutional challenges.

*Thrash Ltd. P'ship v. County of Buncombe (Thrash II)*, as cited by the majority, addressed this specific issue when it distinguished a case relied upon by the municipality:

> We find *Andrews* to be distinguishable. The plaintiff's challenge to the zoning ordinance in *Andrews* was based on arbitrariness, equal protection, or constitutionality as applied to the plaintiff's land. As the case necessarily involved a specific consideration of plaintiff's land, the plaintiff was required to show that she had an immediate risk of sustaining an injury in order to have standing. In the instant case, plaintiff is challenging the procedural enactment of the Multi-Family Dwelling Ordinance. Thus, plaintiff's declaratory judgment action is not an "as-applied" challenge, but rather is an attack on the validity of the zoning ordinance.

195 N.C. App. 727, 730-31, 673 S.E.2d 689, 692 (2009). The *Thrash II* Court further noted "that to require a plaintiff to demonstrate a direct injury in order to challenge a zoning regulation would allow counties to make zoning decisions without complying with the statutory requirements . . . ." *Id.* at 731, 673 S.E.2d at 692.

In *Messer v. Town of Chapel Hill*, this Court held that a plaintiff cannot challenge the validity of a zoning ordinance unless he first has requested a variance. 125 N.C. App. 57, 64-65, 479 S.E.2d 221, 225, *vacated as moot*, 346 N.C. 259, 485 S.E.2d 269 (1997). In a prescient dissent, Judge Greene acknowledged the potentially problematic interaction between our statute of limitations and a requirement of

enforcement for standing purposes. *Id.* at 65, 479 S.E.2d at 226 (Greene, J., dissenting). At the time he authored this dissent, the statute of limitations was nine months, *id.* (Greene, J., dissenting); Judge Greene's concerns may prove more relevant given the truncated two-month statute of limitations. According to Judge Greene,

> I do not agree that the complaint must be dismissed on the grounds that the claims are premature or "not ripe" for consideration. The plaintiffs challenge the ordinance on the grounds that it is an arbitrary and capricious act by the government and is therefore unconstitutional. In other words, the plaintiffs contend that *any* application of the ordinance is unconstitutional because their property rights were violated the very moment the government enacted the ordinance, without regard to how it may be applied. This constitutes a "facial challenge" as opposed to an "as applied challenge," *see Eide v. Sarasota County*, 908 F.2d 716, 724 n.14 (11th Cir. 1990), *cert. denied*, 498 U.S. 1120, 112 L. Ed. 2d 1179, 111 S. Ct. 1073 (1991), and as such there is no requirement that the plaintiff, prior to filing the complaint, first seek a variance from the zoning requirement. *See id.*; *Pennell v. San Jose*, 485 U.S. 1, 11, 99 L. Ed. 2d 1, 14, 108 S. Ct. 849 (1988) (addressing facial challenge). Furthermore, because any action challenging the validity of the ordinance must be filed within nine months of its enactment, N.C.G.S. § 160A-364.1 (1994), requiring the plaintiffs to seek a final ruling on a variance request prior to filing this action would seriously jeopardize the right to file the action, as it is likely that a final decision would not be entered within nine months of the enactment of the ordinance. I would reverse the order of the trial court and remand.

*Id.* at 65, 479 S.E.2d at 225-26 (Greene, J., dissenting).

This precise problem presented itself in a pair of our unpublished cases. In *Nags Head Constr. & Dev., Inc. v. Town of Nags Head*, we held that the plaintiff had not established standing to challenge the validity of a zoning ordinance.

> In its complaint, plaintiff does not claim or allege that it would be subject to the challenged ordinance or is about to suffer any direct injury. Rather, plaintiff merely alleges that it has a legal interest in certain parcels of property located within the Town's jurisdiction. This general interest, common to all members of the public, is insufficient to establish standing. [*Wilkes v. North Carolina State Board of Alcoholic Control*, 44 N.C. App. 495,

496-97, 261 S.E.2d 205, 206-07 (1980)]. Furthermore, plaintiff does not claim or allege that it sought or was denied a permit or variance under the challenged ordinance.

2005 N.C. App. LEXIS 832, at *6 (unpublished). When the case came before us again, we held that the statute of limitations barred plaintiff's claim, leaving plaintiff with no method of redress.

> The zoning ordinance at issue in this appeal was adopted on 20 August 2003. Pursuant to G.S. § 160A-364.1, plaintiff had until two months thereafter to file a suit challenging the ordinance. Although plaintiff filed a complaint on 20 October 2003, that complaint was dismissed for lack of standing and this Court subsequently affirmed the dismissal. *See Nags Head Constr. & Dev., Inc. v. Town of Nags Head*, —— N.C. App. ——, —— S.E.2d ——, 2005 N.C. App. LEXIS 832 (2005) (unpublished) (trial court properly dismissed the complaint as plaintiff failed to show an existing case or controversy with the Town and that plaintiff would suffer direct injury because a permit was neither sought or denied).

> Plaintiff next filed the subject complaint challenging the zoning ordinance on 4 February 2004, more than five months after the expiration of the two month limitations period. On these facts, the trial court properly determined that the plaintiff had not sustained his burden of showing that the action was instituted within the prescribed period. Thus, the order granting defendant's Rule 12(b)(6) motion was proper.

*Nags Head Constr. & Dev., Inc. v. Town of Nags Head*, 2006 N.C. App. LEXIS 971, at *4-5 (unpublished).

Here, I agree with the majority that the two-month statute of limitations bars plaintiff Bird's claims. *See* N.C. Gen. Stat. § 160A-364.1 (2005). As cited by the majority, "this Court has previously held that even where an amendment is adopted inconsistent with the notice requirements of Chapter 160A, an action which attacks the validity of the amendment commenced more than [two] months from the adoption of the amendment is barred." *Thompson v. Town of Warsaw*, 120 N.C. App. 471, 473, 462 S.E.2d 691, 692 (1995) (citing *Pinehurst Area Realty*, 100 N.C. App. at 80, 394 S.E.2d at 253). Therefore, because plaintiff Bird did not bring her claims within the requisite two-month time frame, her complaint failed to state a claim upon which relief could be granted, as properly held by the trial court.

However, plaintiff Templeton's claims are not barred by the statute of limitations, because he brought his original suit within the allotted two-month period and voluntarily dismissed those claims pursuant to Rule 41 of our Rules of Civil Procedure. He then re-filed within the one-year time frame provided by that Rule. Thus, I must look at whether plaintiff Templeton has standing to pursue his claim. In accordance with *Thrash II*, plaintiff Templeton has not alleged specific facts that support his standing to challenge the ordinance. However, I emphasize that an allegation as to the slope value of his property and as to the distance between his property and a major traffic corridor would satisfy the requirements of standing with respect to both "statutory challenges" and a facial constitutional challenge. He need not allege that enforcement of the ordinance is imminent except as to his as-applied constitutional challenges. I also note that the majority's reasoning appears to be inconsistent with respect to its standing analysis. If plaintiff Bird's allegation that "the Town subjected the trust property to the onerous regulations of the Viewshed Ordinance and Map" necessitates the inference that such property "must be located within 100 feet of a major traffic corridor or a portion of the trust property can be seen from a major traffic corridor[,]" as asserted by the majority, then the allegations that plaintiff Bird's and plaintiff Templeton's properties are "directly and adversely affected" by the zoning ordinances would require the same inference. If we take the allegations as true, then both allegations are sufficient to establish standing. If we require specific factual allegations that support a finding of standing, as the *Thrash II* Court appeared to require, then neither party meets that threshold. As I would hold that all of plaintiff Bird's claims are barred by the statute of limitations, I do not address whether she established standing as to either of the ordinances.