GENEVA PERKINS GAMMON v. WILLIAM JACKSON CLARK

No. 7517SC123

(Filed 7 May 1975)

**Automobiles § 61— negligence in backing vehicle — issue of fact — judgment on pleadings improper**

The trial court erred in granting defendant's motion for judgment on the pleadings where there was a genuine issue of fact concerning defendant's negligence in the operation of his automobile.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 2 December 1974 in Superior Court, CASWELL County. Heard in the Court of Appeals 15 April 1975.

Plaintiff instituted this action on 13 December 1973 seeking damages for personal injuries suffered in an automobile accident. In her complaint plaintiff alleged that on 21 June 1972 she was proceeding east on State Road 1301 west of Yanceyville when she collided with an automobile being driven by defendant on the right side of the road. She further alleged that defendant was negligent in driving without due caution or circumspection, at a dangerous speed, and in backing his vehicle without giving a proper lookout in his direction of travel.

Defendant in his answer admitted that the collision occurred as alleged but denied the allegations of negligence. He counterclaimed for damages to his automobile, alleging that a bridge had washed out on the road ahead and that, under the direction of a State Highway Commission employee, he was backing up in order to turn around. Plaintiff allegedly approached at high speed and collided with him. In her reply, plaintiff denied negligence.

Defendant then moved pursuant to G.S. 1A-1, Rule 12(c), for judgment on the pleadings. From the order of the trial court granting defendant's motion, plaintiff appealed to this Court.

*Blackwell & Farmer, by R. Lee Farmer, for plaintiff appellant.*

*McLeod & Campbell, by W. F. McLeod, for defendant appellee.*

Coble v. Martin Fireproofing

ARNOLD, Judge.

The sole question for decision is whether the complaint sets forth matters sufficient to constitute a cause of action. Judgment on the pleadings is proper only when the pleadings fail to to present any issue of fact for the jury. *Jones v. Warren,* 274 N.C. 166, 161 S.E. 2d 467 (1968). *See also Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974); 6 Strong, N. C. Index 2d, Pleadings § 38, pp. 376-77.

The rule, as stated by Ervin, J., is as follows:

"When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations in so far as they are controverted by the pleading of his adversary. [Citations omitted.]" *Erickson v. Starling,* 235 N.C. 643, 656, 71 S.E. 2d 384, 393 (1952).

In the case at bar, plaintiff has alleged and defendant has admitted facts from which a jury could infer that defendant was negligent. Defendant's allegation of plaintiff's negligence is controverted by plaintiff's reply and for the purpose of his motion is deemed untrue. The factual allegation of defendant's negligence, however, remains in issue. Since judgment on the pleadings was improper, the order of the trial court is

Reversed.

Chief Judge BROCK and Judge PARKER concur.