PINEHURST AREA REALTY, INC., PLAINTIFF v. THE VILLAGE OF PINEHURST, DEFENDANT

No. 8920SC1101

(Filed 7 August 1990)

1. **Municipal Corporations § 31.2 (NCI3d) — whether zoning ordinance enacted — question not raised at trial — issue not considered on appeal**

   Plaintiff's question as to whether a zoning ordinance was indeed enacted, based on the purported failure by defendant to file and index properly the map which demonstrated the zoning boundaries in accordance with N.C.G.S. § 160A-77, was not raised during the trial; no information regarding this issue was included in the record; and the issue therefore was not properly before the Court of Appeals.

   **Am Jur 2d, Zoning and Planning §§ 56, 337, 338.**

2. **Municipal Corporations § 31 (NCI3d) — zoning ordinance attacked on constitutional grounds — challenge barred by statute of limitations**

   Plaintiff's challenge to a 1985 zoning law based on alleged state and federal constitutional violations was barred by the nine-month statute of limitations in N.C.G.S. § 160A-364.1.

   **Am Jur 2d, Zoning and Planning § 341.**

3. **Municipal Corporations § 31.1 (NCI3d) — no measurable damages suffered by plaintiff — no standing to sue**

   Plaintiff's allegations were insufficient as a matter of law to state any claim as to a 1987 rezoning which was less restrictive than the original zoning, where the rezoning not only allowed the current use to continue but also permitted even

broader uses of plaintiff's property; defendant rezoned the property to allow for the then-current uses; and plaintiff's vague allegation that it had been damaged in an unascertained amount due to lost opportunities for sale, use, and development of the property was speculative and showed that plaintiff had suffered no measurable damages.

**Am Jur 2d, Zoning and Planning §§ 342, 343.**

APPEAL by plaintiff from order entered 21 July 1989 by *Judge William H. Freeman* in MOORE County Superior Court. Heard in the Court of Appeals 11 April 1990.

Plaintiff is the real estate developer of a "residential community" which includes a golf course (hereinafter, "the country club property"). In addition, plaintiff owns a smaller tract adjoining the country club property upon which plaintiff maintains its place of business (hereinafter, "the office property"). Prior to July 1985, both properties were within the planning and zoning jurisdiction of Moore County. The country club property was zoned for "Residential Development" (RD) which permitted uses such as single and multi-family residences. The office property was zoned for "Business-1" (B-1) which permitted a wide variety of commercial uses.

On 3 June 1985, the North Carolina General Assembly ratified 1985 Session Law 308 which amended General Statute § 160A-360(a) and allowed defendant Village of Pinehurst the right to exercise its zoning and planning powers up to two miles beyond its corporate limits. Defendant published notices in the local newspaper of a public hearing "for the purpose of considering a proposed area for addition to the extraterritorial zoning jurisdiction of the Village of Pinehurst." Plaintiff was already aware of the area to be included in the extraterritorial jurisdiction of the Village, and knew that its property was to be included and so did not attend the public hearing. On 15 July 1985, the Village Council of defendant adopted an ordinance stating, in part:

> That the area of extraterritorial limits of the Village of Pinehurst shall be amended and extended as shown and delineated on the map prepared by C.H. Blue and Associates, which map is attached hereto, and correspondingly described in exhibit "A" attached hereto and dated July 15, 1985.

PINEHURST AREA REALTY, INC. v. VILLAGE OF PINEHURST

[100 N.C. App. 77 (1990)]

Plaintiff alleges that no "Exhibit A" dated July 15, 1985 has ever been found, produced or proven. On 22 July 1985, the Board of Commissioners of Moore County relinquished extraterritorial zoning jurisdiction to defendant. When defendant extended its extraterritorial jurisdiction, it designated plaintiff's country club property "Public Conservation and Recreation" (PCR) and the office property "Office Professional" (OP). Plaintiff states that it did not learn of the rezoning until June 1986 when two of its representatives "happened to glance at a zoning map fastened to a wall in the office of the manager of the Village."

In January 1987, plaintiff requested that its office tract be rezoned from OP to "Neighborhood Commercial" (NC). Defendant amended its zoning ordinance to subdivide the former NC classification into two new classifications, NC-1 and NC-2 and then rezoned the office property NC-2. The NC-2 designation was less restrictive than OP.

Plaintiff filed a complaint challenging both the 1985 and the 1987 rezonings on state and federal due process grounds. Defendant moved to dismiss the complaint for failure to state a claim for which relief could be granted. Plaintiff filed a motion for summary judgment. The court granted defendant's motion and denied plaintiff's motion. Plaintiff appeals.

*Allen & Pinnix, by Noel L. Allen and Paul C. Ridgeway, for plaintiff-appellant.*

*Petree Stockton & Robinson, by Penni P. Bradshaw and Robin E. Shea, for defendant-appellee.*

LEWIS, Judge.

Plaintiff challenges two zoning actions by defendant, the 1985 zoning of plaintiff's property, and a 1987 rezoning.

I: The 1985 Zoning.

[1] Plaintiff states that a threshold question is the determination of whether a zoning ordinance was indeed enacted. The allegation is based on the purported failure by defendant to file and index properly the map which demonstrated the zoning boundaries in accordance with the G.S. § 160A-77. Since this question was not raised during the trial and no information regarding this issue is included in the record, it is not properly before this Court.

**[2]** Plaintiff also asserts that its claim is sufficient to raise a constitutional cause of action so as to invoke a three-year statute of limitations instead of the nine-month statute of limitations as provided by G.S. § 160A-364.1 for challenging zoning ordinances. G.S. § 160A-364.1 provides:

> A cause of action as to the validity of any zoning ordinance . . . adopted under this Article or other applicable law shall accrue upon adoption of the ordinance . . . and shall be brought within nine months as provided in G.S. § 1-54.1.

Plaintiff challenges the validity of the zoning on state constitutional grounds, arguing that the defendant failed to properly notify it of the impending zoning action affecting its property in violation of N.C.G.S. § 160A-364. In fact, defendant's published notice of the zoning action stated that the Village would consider extending its extraterritorial zoning jurisdiction, and the metes and bounds description included the land owned by appellant. That description put plaintiff on notice that changes would be made affecting its property. *See Stutts v. Swaim*, 30 N.C. App. 611, 228 S.E.2d 750, *disc. rev. denied*, 291 N.C. 178, 229 S.E.2d 692 (1976). Moreover, North Carolina case law indicates that the statute quoted above has been strictly construed. Petitioner in *In re Appeal of CAMA Permit* also alleged that the respondent town had failed to follow proper procedural rules. This Court concluded, however, that "even if the record disclosed that the Town of Bath had violated procedural rules . . . , petitioner is barred from attacking the validity of the amendment based on procedural grounds by the statute of limitations provided in G.S. § 160A-364.1. . . ." 82 N.C. App. 32, 41-42, 345 S.E.2d 699, 705 (1986).

Plaintiff characterizes this action as "a cause of action for deprivation of constitutional rights" and states that the United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 85 L.Ed. 2d 254 (1985), has directed that such actions "be subject to the relevant state's personal injury statute of limitations" which in North Carolina is three years. The *Wilson* court was addressing federal civil rights actions under 42 U.S.C.S. § 1983 when it chose to apply the personal injury statute of limitations. We do not find *Wilson* controlling.

Zoning claims raise important public policy considerations. There is a strong need for finality with respect to zoning matters so that landowners may use their property without fear of a challenge

**PINEHURST AREA REALTY, INC. v. VILLAGE OF PINEHURST**

[100 N.C. App. 77 (1990)]

years after zoning has apparently been determined. North Carolina courts have not held that violations of federal constitutional claims in zoning actions extend the usual nine-month statute of limitations. In *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 344 S.E.2d 357, *disc. rev. denied*, 318 N.C. 417, 349 S.E.2d 600 (1986), this Court held that plaintiff's claims for federal due process violations were barred by the nine-month statute of limitations. It is noteworthy that *Sherrill* was decided after *Wilson, supra.*

We hold plaintiff's challenge to the 1985 zoning law based on alleged state and federal constitutional violations is barred by the nine-month statute of limitations. The trial court properly dismissed plaintiff's complaint for failure to state a claim for which relief could be granted.

## II: The 1987 Rezoning.

[3] Plaintiff contends that its rights were violated by defendant when plaintiff was given a more restrictive zoning than what it requested for its office tract. The rezoning was, however, *less* restrictive than the original zoning. The rezoning not only allowed the current use to continue but it also permitted even broader uses of plaintiff's property. Plaintiff made a vague allegation that it "has been damaged in an [sic] yet unascertained amount due to lost opportunities for sale, use and development of the properties." This is speculative and cannot stand. Plaintiff has done nothing to acquire a vested right to a less restrictive zoning and cannot recover speculative damages in an "unascertained amount" due to lost potential opportunities for development of the property. Defendant rezoned the property to allow for the then-current uses and plaintiff has suffered no measurable damages. Plaintiff's allegations are insufficient as a matter of law to state any claim as to the 1987 rezoning and thus were properly dismissed pursuant to Rule 12(b)(6).

Affirmed.

Judges ARNOLD and DUNCAN concur.