RICHARD THOMPSON, LARRY COOPER, CORA HILL, HENRY BYRD, CLARA MATTHEWS and LOUETTA B. FORD, Plaintiffs v. TOWN OF WARSAW, Defendant, EDWARD WILKINS, Intervenor Defendant

No. COA94-1166

(Filed 17 October 1995)

**1. Zoning § 119 (NCI4th)— zoning ordinance amended—challenge to amendment barred by nine-month statute of limitations**

Plaintiffs' action challenging defendant's amendment to its zoning ordinance is barred by the statute of limitations where N.C.G.S. § 1-54.1 established a nine-month statute of limitations for any challenge to the validity of an amendment to a zoning ordinance which is adopted under N.C.G.S. Chapter 160A or other applicable law; even where an amendment is adopted inconsistent with the notice requirements of Chapter 160A, an action which attacks the validity of the amendment commenced more than nine months from the adoption of the amendment is barred; and in this case the amendment was made on 8 August 1988, while plaintiffs did not file their claim until 4 May 1993, almost five years after the amendment.

**Am Jur 2d, Zoning and Planning §§ 1046-1062.**

**Construction and application of statute or ordinance requiring notice as prerequisite to granting variance or exception to zoning requirement. 38 ALR3d 167.**

**Zoning: construction and effect of statute requiring that zoning application be treated as approved if not acted on within specified period of time. 66 ALR4th 1012.**

**2. Appeal and Error § 538 (NCI4th)— transcript request not timely—costs assessed against attorney**

The cost of this appeal will be assessed against appellants' attorney personally where no timely written request was made for production of the transcript. N.C. R. App. P. 7 and 35(a).

**Am Jur 2d, Appellate Review §§ 909-935.**

Judge Wynn concurring in part, dissenting in part.

Appeal by plaintiffs from order entered 1 July 1994 in Duplin County Superior Court by Judge Craig Ellis. Heard in the Court of Appeals 22 August 1995.

*S. Reginald Kenan for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by Tyrus V. Dahl, Jr. and Ursula M. Henninger, for defendant-appellee Town of Warsaw.*

GREENE, Judge.

Richard Thompson, Larry Cooper, Cora Hill, Henry Byrd, Clara Matthews and Louetta B. Ford (plaintiffs) appeal from an order of the trial court granting the motion of the Town of Warsaw (defendant) for judgment on the pleadings, pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure.

On 8 August 1988, Edward Wilkins (Wilkins) received permission from the town board members of the Town of Warsaw to construct an industrial garage and maintenance building in a residential neighborhood. Although the Town's ordinance states that only the Board of Adjustments shall issue variances from local zoning, the town board used the term "variance" when granting Wilkins permission to construct his garage. There was no public notice prior or subsequent to the 8 August meeting. Some years later, though the exact date is not clear from the record, Wilkins began constructing his garage and maintenance building, at which point plaintiffs discovered that the variance had been granted.

On 4 May 1993, plaintiffs sued defendant, requesting that the court enjoin the operation of the amendment and thus the garage, alleging that "the town board's actions rezoned [Wilkins'] property under the guise of a 'variance' " and that the 8 August 1988 action by the board "amended the original ordinance." In its answer, defendant pled, as an affirmative defense, that plaintiffs' action was barred by the statute of limitations. At some point after plaintiffs' complaint, though it is not clear exactly when from the record, Wilkins was allowed to intervene in this matter.

On 7 July 1994, the trial court granted defendant's motion for judgment on the pleadings, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c). Plaintiffs filed their notice of appeal on 13 July 1994 and received an extension of time within which to serve their record on appeal. On 5 January 1995, defendant filed a motion to dismiss plaintiffs' appeal on the grounds that plaintiffs did not enter into a written contract with the court reporter for a copy of the transcript until 6 September 1994, in violation of N.C. R. App. P. 7(a)(1), that plaintiffs failed to serve defendant with a copy of the record on appeal, in vio-

lation of N.C. R. App. P. 26(b) and that plaintiffs failed to include a statement of questions for review in their brief as required by N.C. R. App. P. 28(b)(2). The record reveals that plaintiffs orally requested a copy of the transcript from the court reporter on 17 August 1994 and that a written contract for the transcript was entered and signed on 6 September 1994.

---

[1] The dispositive issue is whether plaintiffs' action challenging the defendant's amendment to their zoning ordinance is barred by the statute of limitations.

For purposes of defendant's motion for judgment on the pleadings, we must accept the allegations in plaintiffs' complaint as true. *Gammon v. Clark*, 25 N.C. App. 670, 671, 214 S.E.2d 250, 251 (1975) (movant admits truth of facts in nonmovant's pleadings for purposes of motion for judgment on pleadings). If the pleadings present any issues of fact, then judgment on the pleadings is not appropriate. *Id.*

North Carolina General Statute § 1-54.1 establishes a nine-month statute of limitations for any challenge to the validity of an amendment to a zoning ordinance which is adopted "by a city under Chapter 160A of the General Statutes or other applicable law." N.C.G.S. § 1-54.1 (Supp. 1994). Plaintiffs argue that the nine-month statute does not apply in this case because the defendant adopted the amendment without complying with any of the notice provisions required "under Chapter 160A." Although it does appear that Section 1-54.1 applies only in those situations where an amendment is adopted pursuant to Chapter 160A (which contains notice requirements), this Court has previously held that even where an amendment is adopted inconsistent with the notice requirements of Chapter 160A, an action which attacks the validity of the amendment commenced more than nine months from the adoption of the amendment is barred. *Pinehurst Area Realty, Inc. v. Village of Pinehurst*, 100 N.C. App. 77, 80, 394 S.E.2d 251, 253 (1990), *disc. rev. denied*, 328 N.C. 92, 402 S.E.2d 417, *cert. denied*, 501 U.S. 1251, 115 L. Ed. 2d 1055 (1991). We are bound by this Court's holding in *Pinehurst. In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (subsequent panel bound by previous panel's decision on the same issue).

In this case, the pleadings establish that the amendment was made on 8 August 1988 and plaintiffs did not file their claim until 4 May 1993, almost five years after the amendment. These pleadings

present no issue of fact that plaintiffs' action, which was commenced more than nine months after defendant's amendment, is barred by the statute of limitations. Because we are bound by this Court's precedent, the trial court correctly entered judgment on the pleadings, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c), for defendant.

**[2]** Because Rule 7 of the Rules of Appellate Procedure has been violated, in that a timely written request for the transcript was not made, *Anuforo v. Dennie*, 119 N.C. App. 359, 362-63, 458 S.E.2d 523, 526 (1995) (written request for transcript must be made within 10 days after giving notice of appeal), we assess the cost of this appeal upon plaintiffs' attorney, S. Reginald Kenan, personally, pursuant to Rule 35. N.C. R. App. P. 35(a); *Huberth v. Holly*, 120 N.C. App. 348, 356, 462 S.E.2d 239, 244 (1995).

Affirmed.

Judge MARTIN, John C., concurs.

Judge WYNN concurs in part and dissents in part.

Judge WYNNE concurring in part, dissenting in part.

Because a transcript is not needed to review the subject appeal, I concur with the majority opinion except that part which assesses costs against appellant's attorney for violating Rule 7.

Rule 7(a)(1) of the Rules of Appellate Procedure provides in pertinent part:

Within 10 days after filing the notice of appeal the appellant shall contract, in writing, with the court reporter for production of a transcript of such parts of the proceedings not already on file *as he deems necessary.* The appellant shall file a copy of the contract with the clerk of the trial tribunal. *If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall file with the record a transcript of all evidence relevant to such finding or conclusion.* Unless the entire transcript is to be filed, an appellant shall, within the time above provided, file and serve on the appellee a description of the parts of the transcript which he intends to file with the record and a statement of the issues he intends to present on the appeal. (emphasis added).

Thus, except where the appellant intends to challenge the evidentiary basis for a finding or conclusion, there is no requirement in the Rules of Appellate Procedure that a transcript be a part of a Record on Appeal. The appellant's appeal is from a dismissal based on a Rule 12(c) motion on the pleadings. In short, there is no evidence from the trial below to be review by this court. It follows that the mere failure to contract for a transcript is of no consequence in the outcome of this appeal.[1]

---

1. At most, failing to comply with Rule 7 should result in excluding the transcript from the record. The effect of this exclusion may in many cases have the outcome of a dismissal in that the transcript may be needed to supply the necessary evidentiary support for the appeal.