Shareff v. Lakebound Fixed Return Fund, LLC, 2013 NCBC 16.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 09 CVS 9983 |

HOWARD L. SHAREFF,      )
      Plaintiff    )
             )
    v.        )  **OPINION AND ORDER ON**
             )  **MOTIONS TO DISMISS**
LAKEBOUND FIXED RETURN FUND, LLC; )
SILVERDEER MANAGEMENT, LLC;   )
SILVERDEER, LLC; RICHARD S.    )
DECKELBAUM; HOWARD A. JACOBSON; )
VISIONQUEST WEALTH MANAGEMENT, )
LLC and STEPHEN C. PETERS,    )
      Defendants   )

   THIS CAUSE, designated a complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, all references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, is before the court upon Defendant Howard A. Jacobson's Motion to Dismiss or in the Alternative for Judgment on the Pleadings ("First Jacobson Motion"); Defendant Howard A. Jacobson's Motion for Judgment on the Pleadings ("Second Jacobson Motion"); Defendants VisionQuest Wealth Management, LLC, and Stephen C. Peters' Motion to Dismiss the Complaint ("VisionQuest Motion") and the Motion to Dismiss of Defendants Lakebound Fixed Return Fund, LLC; SilverDeer Management, LLC; SilverDeer, LLC; Richard S. Deckelbaum and Howard A. Jacobson ("Lakebound Motion"); and

   THE COURT, having considered the arguments, briefs, other submissions of counsel and appropriate matters of record concludes that with respect to Plaintiff's

respective Claims for Relief as alleged in the Complaint and Amended Complaint, the First and Second Jacobson Motions should be DENIED, the Lakebound Motion is MOOT and, consistent with the court's June 14, 2010 Order, the VisionQuest Motion should be GRANTED.

> *McDaniel & Anderson, LLP by L. Bruce McDaniel, Esq. and Law Offices of James C. White, P.C. by James C. White, Esq. and Michelle M. Walker, Esq. for Plaintiff.*
>
> *Kilpatrick Townsend & Stockton, LLP by Hayden J. Silver, III, Esq. and Emily Moseley, Esq. for Defendants Lakebound Fixed Return Fund, LLC; SilverDeer Management, LLC; SilverDeer, LLC; Richard S. Deckelbaum.*
>
> *Defendant Howard A. Jacobson, Esq., Pro Se.*
>
> *Graebe Hanna & Sullivan, PLLC by Christopher T. Graebe, Esq. for Defendants VisionQuest Wealth Management, LLC and Stephen C. Peters.*

Jolly, Judge.

I.

<u>THE PARTIES</u>

[1]     Plaintiff Howard L. Shareff is a citizen and resident of Wake County, North Carolina.

[2]     Defendant Lakebound Fixed Return Fund, LLC ("Lakebound") is a North Carolina limited liability company with its principal office in Wake County, North Carolina.  At times material to this action, Lakebound was engaged in the real estate and development business.

[3]     Defendant SilverDeer Management, LLC ("SD Management") is a North Carolina limited liability company with its principal office and place of business in Wake County, North Carolina.  At times material to this action, SD Management was the manager of Lakebound.

[4]     Defendant SilverDeer, LLC ("SilverDeer") is a North Carolina limited liability company with its principal office and place of business in Wake County, North Carolina.   At times material to this action, SilverDeer was the parent of SD Management.

[5]     Defendant Richard S. Deckelbaum ("Deckelbaum") is a citizen and resident of Wake County, North Carolina.  Deckelbaum organized Lakebound, SD Management and SilverDeer and, at times material to this action, either directly or indirectly owned and/or controlled these entities.

[6]     Defendant Howard A. Jacobson ("Jacobson") is a citizen and resident of Wake County, North Carolina.  Jacobson organized Lakebound, SD Management and SilverDeer and, at times material to this action, either directly or indirectly owned and/or controlled these entities.

[7]     Defendant VisionQuest Wealth Management, LLC ("VisionQuest") is a North Carolina limited liability company and investment adviser, registered under the North Carolina Investment Adviser Act, with its principal office and place of business in Wake County, North Carolina.  At times material to this action, VisionQuest was an investment adviser for Plaintiff and was not registered as a broker-dealer with the North Carolina Secretary of State.

[8]     Defendant Stephen C. Peters ("Peters") is a citizen and resident of Wake County, North Carolina.  Peters is the owner and principal of VisionQuest.  At times material to this action, Peters operated as principal in connection with investment advice provided by VisionQuest.  Peters was not registered as a broker-dealer or securities salesman with the North Carolina Secretary of State.

II.

## PROCEDURAL HISTORY

[9]     On May 20, 2009, Plaintiff filed a Complaint and Request for Jury Trial against all Defendants ("Complaint").  The Complaint alleges seven Causes of Action ("Claim(s)"): First Claim – Violation of North Carolina Securities Act by Sale of Securities by Unregistered Dealers or Salesmen; Second Claim – North Carolina Securities Fraud; Third Claim – Common Law Fraud; Fourth Claim – Breach of Contract; Fifth Claim – Violation of North Carolina Investment Adviser Act by Defendants VisionQuest Wealth Management, LLC and Stephen C. Peters; Sixth Claim – Breach of Fiduciary Duty by Defendants VisionQuest Wealth Management, LLC and Stephen C. Peters and Seventh Claim – Punitive Damages.

[10]    On July 24, 2009, Lakebound, SD Management, SilverDeer, Deckelbaum and Jacobson (collectively, "Lakebound Defendants") filed the Lakebound Motion, pursuant to Rules 9(b) and 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").

[11]    On August 5, 2009, VisionQuest and Peters (collectively, "VisionQuest Defendants") filed the VisionQuest Motion, pursuant to Rules 9 and 12(b)(6).

[12]    On October 23, 2009, the court heard oral argument on the Lakebound and VisionQuest Motions.  The court granted the VisionQuest Motion as to all Claims and this Order includes analysis of that decision.  At the hearing, the court deferred ruling on the Lakebound Motion.

[13]     On June 29, 2011, Plaintiff filed a voluntary dismissal as to Lakebound, SD Management, SilverDeer and Deckelbaum.[1]  Plaintiff's voluntary dismissal left Jacobson as the only remaining Defendant in this action.

[14]     On June 29, 2011, Plaintiff filed a Motion for Leave to Amend his Complaint.

[15]     On August 11, 2011, the court granted Plaintiff's Motion for Leave to Amend his Complaint, and Plaintiff's Amended Complaint was deemed filed ("Amended Complaint").

[16]     The Amended Complaint contains essentially the same allegations and Claims that were previously alleged against Jacobson in the Complaint.[2]  The Amended Complaint only removes allegations that were previously alleged against Defendants that had been dismissed from this action.

[17]     On September 16, 2011, Defendant Jacobson filed both an Answer to the Amended Complaint and the First Jacobson Motion.  The First Jacobson Motion does not raise new legal argument, but instead incorporates the entirety of the Lakebound Motion and Memorandum in Support thereof.

[18]     On May 14, 2012, Defendant Jacobson filed the Second Jacobson Motion. Plaintiff, in his responsive brief to the Second Jacobson Motion, asks this court to strike the Second Jacobson Motion on the grounds that it is redundant to the First Jacobson Motion.

---

[1] Consequently, the Lakebound Motion is moot.
[2] Specifically, the Amended Complaint contains three Claims: (a) North Carolina Securities Fraud, (b) Common Law Fraud and (c) Punitive Damages.  These Claims and factual allegations in support thereof were fully briefed in the Lakebound Motion.

[19]     While the First Jacobson Motion makes mention of Rule 12(c), the fully-briefed Lakebound Motion, incorporated in support of the First Jacobson Motion, only seeks dismissal of Plaintiff's Claims pursuant to Rule 12(b)(6).  The Second Jacobson Motion and accompanying brief seek dismissal of Plaintiff's Claims pursuant to Rule 12(c) exclusively.  The court therefore will treat the First Jacobson Motion as having been made pursuant to Rule 12(b)(6) and the Second Jacobson Motion as having been made pursuant to Rule 12(c).  Accordingly, the court declines Plaintiff's request that it strike the Second Jacobson Motion and will analyze Jacobson's motions under both a Rule 12(b)(6) and Rule 12(c) standard.

III.

FACTUAL BACKGROUND

Among other things, the Complaint and Amended Complaint collectively, allege that:

[20]     Prior to February 19, 2008, VisionQuest, through Peters, recommended an investment in Lakebound to Plaintiff.  Peters allegedly represented an investment in Lakebound to be "safe" due to monies secured by developer deposits, first lien positions in properties in which Lakebound invested and Peters' direct scrutiny and diligence in connection with the investment.[3]

[21]     From early December 2007 through January 31, 2008, Defendants, directly and through their agents, represented the following to Plaintiff: (a) Lakebound only invested in real estate and would only invest in real estate in which Lakebound would have a first lien position or better; (b) Lakebound's real estate investments were

---

[3] Compl. ¶ 8.

and would be secured by escrowed builder deposits and (c) there were and would be established escrow reserve accounts to pay interest to investors.[4]

[22] Contrary to these representations, (a) Lakebound did not invest in real estate before or after Plaintiff's investment; (b) Lakebound had no investments that were secured by builder deposits before Plaintiff's investment or at times material this action and (c) no escrow accounts were established to pay interest to investors.[5]

[23] Additionally, Defendants failed to disclose that: (a) Lakebound committed to purchase SilverDeer Olde Liberty LLC, a development wholly-owned by Deckelbaum and Jacobson, without a valid and current appraisal and without approval by the investing members of Lakebound;[6] (b) SD Management was wholly-owned by SilverDeer, which in turn was wholly owned and operated by Deckelbaum and Jacobson, such that all management fees paid by Lakebound to SD Management inured to Deckelbaum and Jacobson, along with other benefits referenced in the Complaint and Amended Complaint;[7] (c) there would be no money from Lakebound available to make interest payments to its investors[8] and (d) Defendants had no plans to furnish Plaintiff accurate financial information concerning Lakebound as required by law and no intention to provide financial reports and documents as indicated in Defendants' Private Placement Memorandum.[9]

[24] On or about February 19, 2008, Plaintiff decided to invest $500,000 in Lakebound.[10] The VisionQuest Defendants, allegedly, received compensation from

---

[4] *Id.* ¶ 9.
[5] *Id.* ¶ 11.
[6] *Id.* ¶ 11(b).
[7] *Id.* ¶ 11(c).
[8] *Id.* ¶ 11(d).
[9] *Id.* ¶ 11(e).
[10] *Id.* ¶ 18.

Lakebound for the sale of securities to Plaintiff.[11] Plaintiff has received nothing from Defendants in return for his investment.[12]

IV.

DISCUSSION

[25]  As mentioned above, the First Jacobson Motion and the VisionQuest Motion seek dismissal of the Plaintiff's Claims pursuant to Rule 12(b)(6).  When deciding a Rule 12(b)(6) motion, the well-pleaded allegations of the complaint are taken as true and admitted, but conclusions of law or unwarranted deductions of facts are not admitted.  *Sutton v. Duke*, 277 N.C. 94, 98 (1970).

[26]  A complaint fails to state a claim upon which relief can be granted when the complaint, on its face, reveals that (a) no law supports the plaintiff's claim; (b) there is an absence of facts sufficient to make a good claim or (c) some fact disclosed in the complaint necessarily defeats the plaintiff's claim.  *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).  However, a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it (a) does not give sufficient notice to the defendant of the nature and basis of the plaintiff's claim or (b) appears beyond a reasonable doubt that the plaintiff could not prove any set of facts in support of his claim that would entitle him to relief.  *Sutton*, 277 N.C. at 108-09.

[27]  When deciding a Rule 12(b)(6) motion, the court may consider documents attached as exhibits and specifically referenced in the complaint, without converting the motion into one for summary judgment.  *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60-61 (2001).

---

[11] *Id.*
[12] *Id.* ¶ 24.

A.

VisionQuest Motion

[28]     As discussed above, the court previously granted the VisionQuest Motion from the bench at a prior hearing.  The Complaint alleges, as against the VisionQuest Defendants, violations of the North Carolina Securities Act, fraud, breach of contract, breach of the North Carolina Investment Advisers Act, breach of fiduciary duty and punitive damages.

1.

Violation of North Carolina Securities Act

[29]     In the First Claim of the Complaint, Plaintiff alleges that the VisionQuest Defendants are liable to him under G.S. 78A-56 due to violations of G.S. 78A-36.[13] Generally speaking, G.S. 78A-36 requires any person who transacts business in North Carolina as a dealer or salesman of securities to register in accordance with the North Carolina Securities Act.  At issue is whether the VisionQuest Defendants were the sellers of the securities purchased by Plaintiff so as to bring them within the reach of G.S. 78A-36.

[30]     G.S. 78A-36 has been given a narrow construction by courts in this state. *See, e.g., State v. Clemmons*, 111 N.C. App. 569 (1993); *State v. Williams,* 98 N.C. App. 274 (1990).  Here, there is no allegation that the VisionQuest Defendants actually sold shares in Lakebound.  Further, there is not a sufficient allegation that the VisionQuest Defendants solicited Plaintiff's investment in Lakebound with the intent to serve their own financial interests.  Therefore, the court CONCLUDES that G.S. 78A-36

---

[13] The Amended Complaint does not include this Claim against Jacobson.  Accordingly, the court need only consider the VisionQuest Motion as to this Claim.

does not apply to the alleged acts of the VisionQuest Defendants as they were not a "dealer" or "salesman" within the meaning of G.S. 78A-36.  Accordingly, the VisionQuest Motion with regard to this Claim should be GRANTED, and as to the VisionQuest Defendants this Claim should be DISMISSED.

2.

Fraud Claims

[31]    Plaintiff alleges three fraud-based Claims against the VisionQuest Defendants; the first for violations of G.S. 78A-56 ("Securities Fraud"), the second for common law fraud ("Common Law Fraud") and the third for violations of G.S. 78C-38(a)(1) ("Investment Adviser Fraud")[14] (collectively, "Fraud Claims").

[32]    The court concludes that the Fraud Claims are subject to Rule 9(b), which requires "[i]n all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  A plaintiff may satisfy Rule 9 by alleging "time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations."  *Terry v. Terry*, 302 N.C. 77, 85 (1981).

[33]    As to the Claims for Securities Fraud and Common Law Fraud, Plaintiff alleges that all Defendants, each of them directly and through their agents, made false statements between early December 2007 and January 31, 2008.[15]  As such, the allegations related to these two Claims do not distinguish between the VisionQuest

---

[14] Plaintiff alleges that the VisionQuest Defendants violated G.S. 78C-8(a), 78A-8(d) and 78C-33.  The court notes that G.S. 78A-8(d) and 78C-33 do not exist.  These references are deemed typographic errors, and the court concludes that, based on Plaintiff's arguments, he has solely alleged a violation of G.S. 78C-38(a).
[15] Compl. ¶ 9.

Defendants and the other named Defendants.[16]  The language of the Complaint does assign all of the fraudulent representations to each Defendant, but does not alert the court or the Defendants as to which fraudulent representations each Defendant allegedly made.  Consequently, the court is unable to identify the particular alleged statements made by the VisionQuest Defendants with regard to Plaintiff's Claims for Securities Fraud and Common Law Fraud.  Further, Paragraph 11(e) of the Complaint suggests that Plaintiff's Securities Fraud and Common Law Fraud claims are based upon misrepresentations made by the Lakebound Defendants, not the VisionQuest Defendants.

[34]    As to Plaintiff's Claim for Investment Adviser Fraud, the court concludes that the Complaint lacks sufficient specificity to state a claim upon which relief may be granted.  Other than the generalized factual allegations discussed above, Plaintiff alleges that the VisionQuest Defendants recommended an investment in Lakebound as "safe" when, "[i]n truth and fact, it was not safe."[17]  These allegations are insufficient to satisfy the requirements of Rule 9.

[35]    Taken as a whole, Plaintiff's allegations fail to state a Claim for Securities Fraud, Common Law Fraud or Investment Adviser Fraud against the VisionQuest Defendants.  Accordingly, the VisionQuest Motion with regard to these Claims should be GRANTED, and as to the VisionQuest Defendants these Claims should be DISMISSED.

---

[16] *See, e.g.*, *id.* ¶¶ 30, 31, 34-37, 53.
[17] *Id.* ¶ 8.

3.

## Breach of Contract

[36]    Plaintiff's Fourth Claim alleges Breach of Contract against the VisionQuest Defendants.  Plaintiff alleges that the VisionQuest Defendants had a contractual relationship with Plaintiff,[18] pursuant to which VisionQuest was to be his investment adviser for compensation on or after January 15, 2008.  However, the Complaint makes no allegation that the investment adviser contract between Plaintiff and the VisionQuest Defendants was breached.[19]  Instead, the Breach of Contract Claim appears to be targeted at the contract between Plaintiff and Lakebound.[20]  In the absence of any allegation of a breached contract between the VisionQuest Defendants and Plaintiff, this Claim must fail.  Accordingly, the VisionQuest Motion with regard to Plaintiff's Breach of Contract Claim should be GRANTED, and as to the VisionQuest Defendants this Claim should be DISMISSED.

4.

## Breach of Fiduciary Duty

[37]    Without determining the question of whether Plaintiff has properly alleged the *existence* of a fiduciary duty, the court concludes that Plaintiff has failed to allege facts demonstrating a *breach* of any purported fiduciary duty by the VisionQuest Defendants.  Here, Plaintiff has alleged that Peters represented to him that an investment in Lakebound was "safe" as a result of the monies secured by developer deposits, first lien positions in properties and Peters' direct scrutiny and diligence in

---

[18] Pl. Mem. Resp. Mot. Dismiss 10.
[19] Furthermore, Plaintiff's responsive brief in opposition to the VisionQuest Motion makes no specific reference to a breach by VisionQuest with regard to the investment adviser contract with Plaintiff.  *Id.*
[20] Compl. ¶¶ 39-40.

connection with the investment.[21]  Plaintiff alleges that, contrary to Peters'

representation, the investment was not safe because there were no first lien positions,

investments were not secured by deposits and there were no escrow accounts for

interest established.[22]  Even assuming a fiduciary duty existed, the court concludes that

Plaintiff's limited allegations relative to the VisionQuest Defendants do not demonstrate

a breach of fiduciary duty by either of them.  Based upon the foregoing, the court

concludes that Plaintiff has not stated a claim for breach of fiduciary duty by the

VisionQuest Defendants.  Accordingly, the VisionQuest Motion with regard to this Claim

should be GRANTED, and as to the VisionQuest Defendants this Claim should be

DISMISSED.

### 5.

### Punitive Damages

[38]    The court's conclusion that all underlying Claims against the VisionQuest

Defendants should be dismissed, leaves no basis upon which punitive damages could

be granted.  Accordingly, the VisionQuest Motion with regard to this Claim should be

GRANTED, and as to the VisionQuest Defendants this Claim should be DISMISSED.

### B.

### First Jacobson Motion – Rule 12(b)(6)

[39]    The Amended Complaint alleges three causes of action against Defendant

Jacobson: First Claim – North Carolina Securities Fraud; Second Claim – Common Law

Fraud and Third Claim – Punitive Damages (collectively, "Amended Claims").

---

[21] *Id.* ¶ 8.
[22] *Id.*

[40]    The First Jacobson Motion seeks dismissal of Plaintiff's Amended Claims based on nearly identical grounds as the VisionQuest Motion – failure to satisfy particularized pleading requirements of Rule 9.[23]

[41]    However, Plaintiff's Amended Claims against Defendant Jacobson, as they are alleged in the Amended Complaint, are distinguishable from the fraud-based Claims as initially alleged in the Complaint against the VisionQuest Defendants.

[42]    Most notably, the allegations of the Amended Complaint are alleged solely against Defendant Jacobson.  Thus, the alleged misrepresentations are particularly assigned to Defendant Jacobson alone, not fatally generalized against a group of multiple defendants, as was the case in the Complaint.

[43]    Further, the Amended Complaint identifies two written documents, which contain the specific content of the alleged false representations and concealment of material facts made by Defendant Jacobson.[24]  Those documents are identified as the Lakebound Operating Agreement and Private Placement Memorandum, which were prepared by Defendant Jacobson for the purpose of selling interests in Lakebound.[25]

[44]    The crux of Plaintiff's Amended Claims is that the representations in the Private Placement Memorandum were fraudulent and designed to induce Plaintiff to invest in Lakebound.[26]  Further, Defendant Jacobson was Lakebound's promoter and arguably most familiar with Lakebound's investment history and strategy.  In essence, Defendant Jacobson specifically is alleged to be at the center of the fraudulent scheme complained of by Plaintiff.

---

[23] Mot. Dismiss Defs. Jacobson 1; Mem. Supp. Mot. Dismiss Def. Jacobson 4-6.
[24] Am. Compl. ¶¶ 5, 7, 10.
[25] *Id.* ¶¶ 3, 5.
[26] *Id.* ¶¶ 7, 9.

[45]    Accordingly, the court concludes that Plaintiff has sufficiently stated fraud-based Claims upon which relief can be granted against Defendant Jacobson under the standards of Rule 12(b)(6).  Consequently, Plaintiff has also properly stated a Claim for punitive damages based upon fraud under G.S. 1-15D.  As such, the First Jacobson Motion should be DENIED.

## C.

### Second Jacobson Motion – Rule 12(c)

[46]    A motion for judgment on the pleadings should not be granted unless the moving party clearly establishes that there are no remaining issues of material fact and that the moving party is entitled to judgment as a matter of law.  *Am. Bank & Trust Co. v. Elzey*, 26 N.C. App. 29, 32 (1975).  Further, "[w]hen a party moves for judgment on the pleadings, he admits the truth of all well-pleaded facts in the pleading of the opposing party and the untruth of his own allegations insofar as they are controverted by the pleadings of the opposing party." *Pipkin v. Lassiter*, 37 N.C. App. 36, 39 (1978) (citing *Gammons v. Clark*, 25 N.C. App. 670 (1975)).

[47]    As discussed above, in his Amended Complaint Plaintiff has made sufficiently detailed allegations in support of the Amended Claims stated against Defendant Jacobson.   Accepting the well-pleaded allegations of the Amended Complaint as true, the court concludes that Defendant Jacobson is not entitled to judgment as a matter of law as to any of Plaintiff's Amended Claims.  Therefore, the Second Jacobson Motion should be DENIED.

NOW THEREFORE, based upon the foregoing, it hereby is ORDERED that:

[48]    Defendants VisionQuest Wealth Management, LLC, and Stephen C. Peters' Motion to Dismiss the Complaint is GRANTED, and all Claims in this civil action against Defendants VisionQuest Wealth Management, LLC and Stephen C. Peters are DISMISSED.

[49]    The Motion to Dismiss of Defendants Lakebound Fixed Return Fund, LLC; SilverDeer Management, LLC; SilverDeer, LLC; Richard S. Deckelbaum and Howard A. Jacobson is MOOT and no further ruling from this court is necessary.

[50]    Defendant Howard A. Jacobson's Motion to Dismiss or in the Alternative for Judgment on the Pleadings is DENIED.

[51]    Defendant Howard A. Jacobson's Motion for Judgment on the Pleadings is DENIED.

This the 6th day of March, 2013.